## ED PUGH v. STATE.

No. A-1055.    Opinion Filed January 23, 1912.

(120 Pac. 296.)

1. **CONTINUANCE—Absence of Witness—Diligence.** A motion for continuance based on the absence of a witness who has not been served with process and who has left the jurisdiction of the court should be overruled.

2. **CONTINUANCE—Right of Accused.** In this jurisdiction, a person charged with crime is never entitled to a continuance for delay. A continuance should only be granted in order that justice may be done, and not in order to enable a violator of the law to escape justice.

3. **APPEAL AND ERROR** — Conflicting Evidence. When controverted questions of fact are properly submitted to the jury, and determined adversely to an appellant, the judgment of the jury is final on appeal.

(Syllabus by the Court.)

*Appeal from Murray County Court; Harry W. Fielding, Judge.*

Ed Pugh was convicted of violating the prohibitory law, and he appeals. Affirmed.

*Carr & Field,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, J. Plaintiff in error was convicted at the January, 1910, term of the county court of Murray county on a charge of having in his possession intoxicating liquor for the unlawful purpose of selling the same, and his punishment fixed at a fine of $100 and imprisonment in the county jail for a period of 30 days. When the case came on for trial, he filed a motion for continuance on the ground that a certain witness, Dr. Sullivan, was absent from the state. Upon the trial the affidavit was admitted as the deposition of the absent witness. The proof in the record shows that Dr. Sullivan had moved to the state of Texas, and was not within the jurisdiction of the court; that he had not been served with process; and there is nothing to indicate that he would ever be within the jurisdiction of the trial court at any subsequent time.

The motion was properly overruled. Had the witness been served with process, and sufficient showing made that his attendance could be had, together with showing that his testimony was material to the defense of plaintiff in error, then plaintiff in error would be in some attitude to complain. But no such showing was offered. He had all and more than he was entitled to when his motion for continuance was admitted as the deposition of the absent witness. The statute provides a manner in which a deposition may be used on behalf of an accused when such witness is not within the jurisdiction of the trial court. This

was not asked, but the court, in its discretion, did permit the affidavit to be read as the deposition of the absent witness.

Upon the trial plaintiff in error put his character in issue, and proved by one witness that his reputation was good. The state in rebuttal introduced a large number of witnesses who testified that the reputation of plaintiff in error was that of a bootlegger. One witness, the sheriff, testified that plaintiff in error had stated in his presence that he had sold about 100 pints of whisky during Christmas, which was about 10 days prior to the date upon which the offense charged against the plaintiff in error is alleged to have been committed. The sheriff was not an officer at that time, but qualified later.

There is no dispute in the record about the possession of the whisky. The accused contends that it was for his own lawful purpose. This issue was fairly submitted to the jury, and under the record in this case was a question upon which their judgment is final. If the accused had not made an issue of his character, and had not drawn from some hostile witnesses a great many of the facts contained in the record, he might be in some attitude to complain of the judgment.

There is some incompetent testimony in the record relative to the reputation of a certain restaurant operated by the accused, but the testimony tending to establish his guilt is overwhelming; and while this testimony should not have been admitted, it is not of sufficient moment to justify a reversal of the judgment. Let the judgment of the trial court be affirmed.

FURMAN, P. J., and DOYLE, J., concur.