## HENRY PETTY v. STATE.

No. A-2142.    Opinion Filed April 24, 1915.

(147 Pac. 782.)

1. **CONTINUANCE—Absence of Witnesses — Affidavit — Requisites.**
An affidavit for continuance on the ground of absence of material witnesses, who are out of the state, which states that the defendant expects to procure their attendance at the next term of court, to be sufficient should state the grounds of such expectation, so that the court may determine whether or not it is reasonable.

2. **SAME—Cumulative Testimony.** As a general rule, a continuance will not be granted for the purpose of procuring testimony that is merely cumulative.

3. **RAPE—Sufficiency of Evidence—**In a prosecution for statutory rape, the evidence examined and held sufficient to sustain the verdict, and that no material error was committed on the trial.

(Syllabus by the Court.)

*Appeal from District Court, Tillman County;
Frank Mathews, Judge.*

Henry Petty was convicted of statutory rape, and appeals. Affirmed.

*Mounts & Davis* and *S. D. Tant,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *S. I. McElhoes,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is from a judgment of conviction in the district court of Tillman county for the crime of statutory rape, committed on one Oma Owens, a female under the age of sixteen, to wit, of the age of fourteen years. February 16, 1913, was the date of the crime, as alleged in the information.  By the judgment of the court rendered on the 13th day of June, 1913, in accordance with the verdict of the jury, the plaintiff in error, Henry Petty, was sentenced to be imprisoned in the penitentiary for a term of five years. ·

It is contended for reversal that the court erred in refusing to grant a continuance, and that the verdict of the jury is contrary to law and the evidence.

When the case was called for trial, the plaintiff in error filed his affidavit for a continuance, as follows:

"Henry Petty, of lawful age, being duly sworn, deposes and says that he is the defendant in the above-entitled cause; that he is unable to proceed to the trial of this cause at this time, for want of material evidence, to wit, the evidence of Jim Baker and Tom Austin, who are material witnesses in this cause, and defendant has used due diligence to obtain their evidence; that said witnesses were duly subpoenaed to be present at this trial in this court, but without the knowledge of this defendant have departed from this state and their exact whereabouts are unknown to defendant, but that defendant expects to have the evidence of Jim Baker and Tom Austin by the next term of this court. Defendant further states that the witness Jim Baker has resided, and this defendant now believes that the said Jim Baker is residing, about four or five miles west of the town of Grandfield, Tillman county, Okla. Defendant further states that he understands that the said Jim Baker left his place of residence about ten days ago, and is now temporarily over in the state of Texas; but that this defendant does not know exactly his present whereabouts. Defendant further states that the witness Jim Baker is a very material witness in his defense to this prosecution, in this: That he understands that the state will attempt to prove and will rely upon the statements of the state's witness that she and the defendant were together in Wichita Falls, Tex., some time in the month of March, and the defendant also understands that the state will undertake to prove by said witness that the defendant slept with the prosecuting witness, Oma Owens, and had intercourse with her at Wichita Falls, Tex., for the purpose of corroborating said prosecuting witness wherein she will try to claim and contend that this defendant had intercourse with her on Deep Red creek on or about the 16th day of February, 1913, and defendant states that he expects to prove by the witness Jim Baker that he was with this defendant on the day and at the time that the said Oma Owens was at Wichita Falls, Tex., and that he was with said defendant all of the time while he was at Wichita Falls, Tex., and slept with this defendant on that night, and he states that he expects to prove by the said Jim Baker that this defendant was not with the said Oma Owens and did not have intercourse with her at

Wichita Falls, Tex., nor did this defendant sleep with the said Oma Owens at Wichita Falls, Tex., and that the said witness Jim Baker knows these facts for the reason that he was with this defendant all the time while he was in Wichita Falls, Tex., and slept with him in the same bed, and for that reason knows that this defendant was not with the said Oma Owens and did not have intercourse with her at Wichita Falls, Tex., nor was he in bed with her at Wichita Falls, Tex., nor did he get in bed with said Oma Owens at Wichita Falls, Tex. This defendant says that said testimony is very material to contradict the said Oma Owens in regard to said alleged transaction and statement.

"Defendant further states that the witness Tom Austin, whose whereabouts is now unknown to this defendant, but he believes that he will be able to get the witness Tom Austin's testimony, either by depositions or in person by the next term of this court. Defendant further states that said Tom Austin's testimony is very material to his defense to this case for this reason: He understands and is informed and believes that the prosecuting witness, Oma Owens, will swear that on or about the 16th day of February, 1913, that she, Tom Austin, Mrs. Boyd, and this defendant went out on Deep Red creek a pecan hunting, and that while there that this defendant took her off about 50 yards in the weeds and had intercourse with her, and that while they were off having intercourse that the said Tom Austin and Mrs. Boyd were together and only about 50 yards distance. Defendant states that such statements of the said Oma Owens would be and is untrue, and he expects to prove by the witness Tom Austin that he, the said Oma Owens, and Mrs. Boyd, and this defendant went out on the creek pecan hunting on that day, and that this defendant was with Mrs. Boyd, and that the said Tom Austin was with the said Oma Owens. He further states that said witness will swear that he was with the said Oma Owens at all times that she was out on Deep Red creek, and that this defendant was with Mrs. Boyd, and that no time while out on Deep Red creek was this defendant with Oma Owens, nor did this defendant go off with said Oma Owens about 50 yards and have intercourse with her, and that as a matter of fact that such circumstances or transaction did not take place for the reason that the said witness was present at all times while said parties were out on Deep Red creek, and, had this defendant and the said Oma Owens gone off at any time together, that this witness would have seen such circumstances and would have known about the same. De-

fendant further states that he expects to prove by the said Tom Austin that said parties were only out on Deep Red creek about one hour on said date, and that this defendant did not have the chance nor the opportunity to have intercourse with said Oma Owens at that time, nor did he attempt to do so, and had such circumstance or transaction taken place that said witness would have known all about the same, and this defendant states that the said Tom Austin will swear that this defendant was not with the said Oma Owens on that date, nor did he have intercourse with her as claimed, or will be claimed by the said Oma Owens. Defendant states that said testimony is very material, and is very essential that he have the same at the trial of this case, and for the reason that the charge herein made is a very serious one and that the law recognizes the fact that the same is hard to defend against. Defendant further states that he believes the testimony of said witnesses to be true. Defendant further states that all of the above evidence as above set out cannot be furnished by other witnesses in such a way as to be most beneficial to this defendant. Defendant further states that this application is not made for delay, but that substantial justice may be done, and he asks that this cause be continued until the next term of this court."

Also, a supplemental affidavit, setting forth that the prosecutrix, in the county court as a witness on a hearing to determine whether or not her mother, who was a widow, was a proper person to have the custody of the prosecutrix and several younger children, testified:

"That this defendant did not have intercourse with her at any time, and that the transcript of said testimony is now locked up in the county judge's safe in his office, and said county judge is claiming that he has no key, and therefore he cannot obtain said record out of said safe; that said county judge claims that the key to said safe is in the possession of his clerk, who is now temporarily absent in Texas, at Wichita Falls; and that it would be unjust to require him to go to trial without said transcript."

In reviewing the refusal of a continuance on account of absent witnesses, the record will be examined, and the evidence adduced at the trial will be considered by this court for the purpose of determining whether the showing made was such as made it the duty of the court to grant the continuance.

From the record it appears that Mrs. Ellen Owens, mother of the prosecutrix, as a witness for the defendant testified to the facts that the defendant in his affidavit states that he expected to prove by the absent witness Jim Baker. It also appears that Mrs. M. V. Boyd, as a witness for the defendant, testified that on February 16th she went with the prosecutrix, Tom Austin, and the defendant, hunting pecans, and that the defendant was continuously in the company of the witness, and it was impossible for him to have had any improper relations with the prosecutrix at that time. It also appears that the prosecutrix admitted while on the stand that she had testified on the hearing before the county judge as alleged in the defendant's supplemental affidavit for continuance.

In the case of *Rose v. State,* 8 Okla. Cr. 294, 127 Pac. 873, it is said:

"As a general rule, a continuance will not be granted to allow a defendant to obtain cumulative testimony," and, "Although an application for a continuance may be good upon its face, yet where it is overruled, and upon the trial of the case it appears from the whole record that the testimony for which the continuance was sought could not have affected the result of the trial, a conviction will not be reversed."

And see *Jones v. State,* 8 Okla. Cr. 576, 129 Pac. 446.

It has been the uniform holding of this court that an application for a continuance in a criminal case is addressed to the sound discretion of the trial court, and, unless it clearly appears that there is an abuse of such discretion, this court will not reverse the judgment for a refusal to grant the continuance. It is not an abuse of discretion to deny a continuance asked on the ground of absence of material witnesses who are out of the state, where it is not shown that any one of them would or could be procured within any reasonable time. The prosecutrix testified that, two or three weeks after the defendant had raped her, the absent witness Tom Austin accomplished an act of sexual intercourse with her against her will and consent. So it will be assumed that he was at that time a fugitive from justice.

As to the transcript of the prosecutrix's testimony in the hearing before the county court, such transcript could only be used for impeachment purposes, and she admitted that she had so testified. The affidavit states that the defendant "expects to have the evidence of Jim Baker and Tom Austin at the next term of this court," but fails to show or set forth the grounds of such belief or expectation. Where an absent witness is beyond the limits of the state, the affidavit for a continuance should state the grounds of his expectation of the attendance of the witness, so that the court may determine whether it is reasonable.

We are of the opinion that it was not error for the court to overrule the application for a continuance.

The prosecutrix testified that she lived with her mother and several younger children in the town of Grandfield; that she went with the defendant and Mrs. Boyd and Tom Austin to the creek to pick pecans; that she and the defendant separated from the other two, and the defendant had sexual intercourse with her against her will and consent; that she was a few days over fourteen years of age at that time; that two or three weeks later the defendant and Jim Baker took her and her mother on the night train to Wichita Falls; that they arrived there about 12 o'clock, and the defendant procured a room which they occupied together, and he had intercourse with her twice that night; that they returned on the train, leaving Wichita Falls at 4 o'clock in the morning. Her testimony is corroborated by witnesses who testified to declarations made by the defendant and by the testimony of two doctors who examined her person.

The defendant as a witness in his own behalf did not deny these declarations. His cross-examination shows that he is a widower, 39 years of age, yet the evidence is undisputed that he kept company for several months with this child.

Upon the whole case, we think the defendant had a fair trial; that there is no doubt of his guilt; and that the jury were justified in the conclusion at which they arrived.

The judgment herein is therefore affirmed.

FURMAN and ARMSTRONG, JJ., concur.