## GEORGE GREEN v. STATE.

No. A-4815.   Opinion Filed Feb. 7, 1925.
(232 Pac. 853.)

(Syllabus.)

1.  **Continuance—Application on Ground of Absence of Witness— Necessary Showing.**   An application for a continuance on account of the absence of a witness should show the place of residence of the witness, the probability of procuring his attendance upon the court if the case be continued, and that due diligence has been used to secure his attendance, and that his testimony cannot be obtained from any other source.   Such application is to be construed most strongly against the pleader.

2.  **Same—Refusal of Continuance Held not Abuse of Discretion.** The application for a continuance in this case examined, and no abuse of discretion is shown in overruling the same.

3.  **Trial—Refusing Instruction on Circumstantial Evidence, When not Error.**   It is not error to refuse a requested instruction on circumstantial evidence, unless the case is wholly circumstantial.

Appeal from County Court, Woodward County; H. B. King, Judge.

George Green was convicted of transporting intoxicating liquor, and he appeals.   Affirmed.

L. F. Robertson, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, with three other persons, on the 10th day of June, 1922, in a Ford car, which was the property of plaintiff in error, drove to the town of Mooreland and went into a cafe and ordered

a meal. The plaintiff in error and one other of the party named Lawson were drunk and noisy. The proprietor of the cafe called an officer to quiet them. The officer arrested them, and started to search Lawson, when the plaintiff in error, Green, ran, got in his car, and went west. After going a quarter of a mile, the car ran into a sand bank and stalled. When the officers came up to him, he (Green) pointed a pistol at one of them and snapped it. Both whisky and wine were found in the car. The two persons in the car and in the restaurant, it developed, had merely sought a ride and were not intoxicated, and were acquitted. Lawson, the other member of the party beside plaintiff in error, pleaded guilty.

The plaintiff in error, upon the calling of the case for trial, made an application for a continuance, setting out that Lawson was absent. That plaintiff in error had been unable to locate him; that he had left the country and his whereabouts was unknown; that plaintiff in error believed he would be able to locate him by the next term of court; and that the absent witness had made an affidavit in a habeas corpus case of plaintiff in error, which by reference was incorporated in the application.

This is the sum and substance of the application for continuance. There was no abuse of discretion on the part of the trial court in overruling this application. Pugh v. State, 6 Okla. Cr. 578, 120 P. 296; Rhea v. State, 3 Okla. Cr. 230, 105 P. 314; Davis v. State, 10 Okla. Cr. 169, 135 P. 439; Musgraves v. State, 3 Okla. Cr. 421, 106 P. 544; Boswell v. State, 8 Okla. Cr. 152, 126 P. 826.

It is next contended that the court erred in refusing plaintiff in error's request for an instruction on circumstantial evidence. We think the evidence is not wholly circumstantial. The plaintiff in error admitted the ownership of the car that he was driving; admitted that he was intoxicated, and flight from the restaurant and altercation

with the officer. The finding of the wine and whisky in the car is not denied.

Where the evidence is not wholly circumstantial, an instruction on this class of evidence is not necessary. Star v. State, 9 Okla. Cr. 210, 131 P. 542.

The cause is affirmed.

BESSEY, P. J., and DOYLE, J., concur.