## DOTY HERNDON v. STATE.

No. A-5514.   Opinion Filed Dec. 4, 1926.
(250 Pac. 942.)

Sigler & Jackson, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Houston B. Teehee, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county on a charge of larceny of an automobile, and was sentenced to serve a term of five years in the state penitentiary.

A summary of the record is that about midnight of May 6, 1922, George Lane, in the city of Ardmore, was called by a neighbor and discovered that his automobile, a Reo coupe, had been stolen from his garage. He reported the theft to the authorities, who some time later learned that a car had been deposited in a water-filled asphalt mine, in Carter county.   An investigation was made, and the witness A. A. Knight was found, who saw defendant and another person put a car in the mine

shortly before daylight on the night of the theft. Knight lived about 150 yards from this mine, heard a noise, went to the place, recognized the parties and talked with them; that they gave him the cushions and light taken from the car. The automobile was recovered from some 40 feet or more of water. It had been stripped of the tires, cushion, and other accessories. The tires taken from the car were found in the possession of Elmer Snider, codefendant, the other person recognized at the scene by Knight. Lane was not positive in his identification of the car, but his ownership was fully confirmed by the witnesses Nelson, an automobile insurance adjuster, and Robinson, an investigator for the insurance company, who fully identified the car. The defense was an alibi.

Only two assignments of error are argued—one that the evidence is insufficient to sustain the verdict, which is wholly untenable and requires no discussion; the other that the court erred in overruling defendant's application for a continuance. The case was set for trial September 16th, and on that date was postponed, was called again on the 24th, and was tried on the 25th. When called for trial on the 24th, defendant filed an application for a continuance on account of the absence of Charley Decker and J. P. Herndon, a brother of defendant. The application sets out that the witnesses had been subpoenaed and had failed to respond, that their whereabouts was unknown, but he believed Decker was at Wichita Falls, Tex., and Herndon at Oklahoma City, and, in substance, that, if Decker were present, he would testify that on the night the car was stolen, some person unknown to him, not defendant, driving the Lane car ran into him on the highway, that if the witness Herndon was present he would testify that on the night the car was stolen he

stayed with defendant and slept with him and knew that defendant did not leave his home on that night.

The application does not have attached a copy of the subpoena, but it appears that these witnesses were subpoenaed to attend September 16th, and, if the witnesses were gone at that time and defendant knew it, he should have procured an attachment in time to obtain their attendance, or have taken their deposition. He did not do this, but waited until the case was finally called on the 24th, before procuring an attachment. It shows that the whereabouts of each of the witnesses was unknown. There was no certainty of obtaining their presence if the case had been postponed. As to the sufficiency of. the showing, the evidence of Herndon is entirely cumulative to the testimony of the witnesses C. P. Herndon, Mattie Herndon, and defendant, who each testified that defendant spent the night at his home, and affords no sufficient basis for a continuance, even if otherwise sufficient. As to the purported testimony of the witness Decker, it does not appear at what hour or place it is claimed the witness would testify that he saw the Lane car. An application for a continuance is to be construed against the pleader, and is addressed to the sound discretion of the trial court, and, unless an abuse of this discretion is shown, a judgment will not be reversed on appeal on account of the overruling of an application for a continuance. In view of the positive evidence of the state, the lack of a showing of any probability that the presence of the witnesses could be had if the continuance had been granted, the fact that the evidence is largely cumulative, the failure of defendant to ascertain if his witnesses were present on September 16th, no abuse of discretion is shown.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.