## W. R. SURRELL et al. v. STATE.

No. A-6438. Opinion Filed May 4, 1929.

(277 Pac. 282.)

J. G. Ralls, for plaintiffs in error.

H. H. Cook, for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Atoka county of the offense of having possession of a still, and their punishment fixed at a fine of $50 and costs and confinement in the county jail for a period of 30 days.

The charging part of the information in this case reads: "* * * The defendant did in said county and state, at the date above named unlawfully, wrongfully, knowingly, and intentionally have in their possession and possess a certain whisky still, consisting of boiler, worm, cooler, and other apparatus commonly used in the manufacture of whisky." It will be noted that the information charges the defendants with having in their possession a still, consisting of boiler, worm, cooler, and other apparatus.

Section 2, c. 42, Session Laws of Oklahoma 1923-24, provides as follows:

"It shall be unlawful for any person to keep, or have in his possession, or knowingly permit any other person to keep, or have in possession upon any premises under the ownership or control of such first party, any still worm or still, without that he first register the same with a proper United States officer and obtain from said officer

a certificate of said registration and that he also first file said certificate of registration or a certified copy thereof with the county clerk of the county in which said worm or still is located."

A proper affidavit for the issuance of the search warrant was filed in the county court by C. G. Maxwell, a deputy sheriff of Atoka county, and a search warrant duly issued thereon by Otis H. Presson, county judge. C. G. Maxwell, deputy, executed this warrant on the 27th day of April, 1926.

The state offered as witness, O. P. Ray, Jr., and C. G. Maxwell, who testified to finding the property described in the return on the premises of Surrell and Brown, the defendants; that a well-traveled path led from the house to the still; that the still was hidden in the top of a tree near the furnace, and mash barrels and other paraphernalia used with the still. The sheriff testified that the defendant Surrell went with him to the place where the still was found, and showed him where the still was hidden in a tree. The state proved by witnesses Ray and Maxwell that the defendants were in possession of these premises and were farming the cultivated land. The defendants testified in their own behalf, admitted they had the premises leased and were in possession of same, and admitted they knew the still was there on the place, but denied ever having used it, or ever having made whisky with it.

No questions of law are involved in this case. The defendants were charged with having possession of this still, and there was sufficient evidence offered by the state to support the verdict of the jury in finding the defendants guilty. This court has uniformly held that, where the evidence is conflicting, it would not disturb the ver-

dict of the jury, where there was competent evidence and sufficient, if believed by the jury, to support a verdict of guilty.

The defendants complained that the state introduced incompetent testimony as to the finding of Choctaw beer in the home of the defendants. The still and the beer both being found on the same day and under the same search warrant, it was impossible for the search warrant to be introduced in evidence, or to try the case without the officers testifying as to what they found under the search warrant.

In the case of Koontz v. State, 10 Okla. Cr. 553, in the body of the opinion at page 559, 139 Pac. 842, 844 (Ann. Cas. 1916A, 689), this court said:

"Generally speaking, evidence of other crimes is competent to prove the specific crime charged, when it tends to establish a common scheme or plan, embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or to connect the defendant with the commission of the crime charged."

The evidence being sufficient to support the verdict, and no substantial errors of law appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.