## BILL WAGNER v. STATE.

No. A-6961. Opinion Filed Dec. 21, 1929.
Rehearing Denied Feb. 28, 1930.
(285 Pac. 141.)

W. R. Wheeler, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Caddo county, on a charge of rape in the second degree, and his punishment fixed at one year in the penitentiary; from which judgment and sentence the defendant has appealed.

The state called Helen Wise as a witness, who testified she was 18 years of age at the time of the trial; her birthday was on the 17th day of July, 1927; she met the defendant on the 11th day of July, 1926;   that Pruett, Vena Risley and the defendant came to her house:

"We started to Mountain Home; I did not know the defendant, but they said he was named Bill; we went to Boon, then turned north a mile and east; Bill made an excuse to stop, said his clutch was loose; he said he wanted a drink and wanted me to go along; I did not want to go, I finally started and we got a little piece and I started back; he said, 'don't go back now'; we sat down and he shoved me back; he promised that if he left me in this condition he would turn the car over to me, give me the keys; he kept on for about five minutes and I finally consented; I saw him once after that; he had sexual intercourse with me that night there on the side of the road; this was in Caddo county; I was not the wife of Bill

Wagner; he was a married man, he told me that night he was single; as a result of that cohabitation there was a child born May 16, 1927; I had never had intercourse with any person before that time."

On cross-examination witness said the defendant told her he would give her the Ford car if anything should happen to her; witness was asked if she knew Henry Foster, and she answered:

"Yes; I never went anywhere with him; I have been around in his company; I never slept in bed with Grace Rizzell and Henry Foster; I don't remember anything about that; Raymond Oakerson picked cotton at our place; I never told him I was going to have a baby and that it was Henry Foster's; I never did go with Dud Pruett, nor did I go anywhere with Lige Miller; I talked to Mrs. Wagner and another woman that came to our place about this matter about the time the defendant was arrested; the first time I ever saw this man Wagner I saw him at a dance."

The witness was corroborated by her father, E. W. Wise, as to her age, and as to the birth of the child, and when it was born.

The defendant in his own behalf admitted being out with the prosecutrix on the road; admitted he tried to have sexual intercourse with her, but stated she refused; and he left without accomplishing his purpose; he denied having intercourse with her at any time. An effort was made all through the examination of the defendant to show the prosecutrix had been guilty of illegal cohabitation with other men, and that this defendant had not cohabited with her; considerable time was taken in the testimony to show that the date charged in the information was changed from July 25, 1926, to July 11, 1926. The testimony on behalf of the state shows the defendant cohabited with the prosecutrix on or about July 11, 1926,

and that she had not cohabited with any other man. The defendant admits being with the prosecutrix the night alleged, and admits he tried to persuade her to cohabit, but denies he had intercourse with her, and tries to break down the character of the prosecuting witness by showing she had been guilty of illegal cohabitation with other men. This is, in substance, the testimony.

The defendant has assigned eight other errors, alleged to have been committed by the trial court, upon which he relies for reversal of the case. First, the court erred in overruling the motion of plaintiff in error for a continuance on the ground of the absence of Raymond Oakerson, who was a material witness for the defendant. A motion for continuance is addressed to the sound discretion of the trial court, and, unless that discretion is abused, this court will not reverse the case on the ground that the court abused its discretion in refusing to grant the motion for continuance. No diligence is shown on the part of the defendant to procure the attendance of the absent witness, nor is there any reason to believe the witness would be back from California in time to attend as a witness at any future date. The court did not err in refusing to grant the motion for a continuance on the showing made.

The third assignment is that the verdict of the jury is contrary to the law and evidence produced in the trial of said cause. In this case the defendant was a married man, and, if you believe his own statement, was driving around over the country with the prosecuting winess, one other boy and a girl, and made some excuse to stop along the highway and get out, and finally persuaded the prosecutrix to get out; they went back a short distance from the car on some pretense, and he admitted he tried to pursuade the prosecutrix to have sexual intercourse with him; he says he did not accomplish his purpose. The

prosecutrix says he did accomplish his purpose, and up to that time she had never cohabited with any other man; she further says that as a result of that cohabitation she gave birth to a child.

There is a slight conflict in the testimony, but the testimony on behalf of the state is amply sufficient, if believed by the jury, to sustain the verdict. The court properly instructed the jury on the law as applied to the facts in this case, and the jury found the defendant guilty. We hold that the judgment in this case is sustained by the evidence. There are other errors discussed, but they are not of sufficient importance to justify the court in reversing this case. The defendant had a fair and impartial trial. The evidence is sufficient to sustain the verdict.

Finding no prejudicial errors in the record, the case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.