## N. L. MORELAND v. STATE.

No. A-6682.  Opinion Filed Jan. 2, 1930.
(283 Pac. 1036.)

Freeman E. Miller, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Payne county on a charge of unlawfully selling one pint of intoxicating liquor, to wit, whisky, and his punishment fixed at a fine of $250 and confinement in the county jail for a period of 30 days. From this judgment he appeals.

The defendant complains, first, that the court erred in overruling his application for a continuance on account of the absence of two witnesses whose evidence, defendant alleged, was material to his defense.

In the case of Herndon v. State, 35 Okla. Cr. 371, 250 Pac. 942, this court said:

"An application for a continuance on account of the absence of witnesses is addressed to the sound discretion of the trial court, and, unless an abuse of discretion is shown, a judgment will not be reversed on appeal." Boswell v. State, 8 Okla. Cr. 156, 126 Pac. 826; Hill v. State, 17 Okla. Cr. 356 188 Pac. 695; Green v. State, 29 Okla. Cr. 145, 232 Pac. 853; Worley v. State, 42 Okla. Cr. 243, 275 Pac. 398.

If the testimony of the absent witnesses cannot be procured from some other source, this fact should be stated in the affidavit, and, if it can be procured from some other source, the motion should contain a statement as to why it was not so obtained. It appears from the

record that the evidence of these absent witnesses was cumulative, and for that reason also the court did not err in overruling defendant's application for a continuance.

The defendant next complains that the state's witnesses, Woods and Smith, who testified to purchasing the whisky from the defendant, were employed by the authorities of Payne county to procure evidence, and were paid $10 per day and expenses for such services. These facts were all brought out in the trial, and were all before the jury, together with the testimony of the defendant, and, as the jury found against the defendant and apparently believed the evidence of the witnesses for the state, this court will not weigh the evidence nor consider the question of the credibility of the witnesses. State v. Duerksen, 8 Okla. Cr. 601, 129 Pac. 881, 52 L. R. A. (N. S.) 1013; Loudermilk v. State, 33 Okla. Cr. 146, 242 Pac. 1060; Surrell v. State, 43 Okla. Cr. 94, 277 Pac. 282; Adams v. State, 43 Okla. Cr. 179, 277 Pac. 688.

There are other errors complained of, but they are without merit. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.