# TOM GUEST v. STATE.

No. A-6924.   Opinion Filed Feb. 20, 1930.
(287 Pac. 818.)

Prentiss E. Rowe and D. L. Clement, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was by information charged jointly with R. M. Foster, alias Johnson, with the crime of murder, was separately tried, convicted of murder, and

his punishment fixed at death. Motion for new trial was filed, considered, and overruled, and the case appealed to this court by petition in error, with case-made attached.

The testimony on behalf of the state tends to show that on the 2d day of September, 1927, the defendant R. M. Foster and two men known as Whitey and Shorty, or Blackie, left Earlsboro for the purpose of robbing a bank at Meeker, Okla.; that when they got to Meeker some officers were there and they abandoned their intention and went back to Shawnee, and on to the town of Asher, in Pottawatomie county, where they robbed a bank; as the defendant was leaving the bank Bailey Browder shot at the car in which R. M. Foster, alias Johnson, Whitie, and Shorty, or Blackie, were leaving the scene of the robbery; that the defendant Tom Guest came out of the bank and approached Bailey Browder, and fired a shot into his body, from the effect of which Browder died. Several witnesses testify as to the identity of Guest as being the man who shot Bailey Browder.

At the close of the testimony the defendant demurred to the evidence on the part of the state for the reason that the same was insufficient, and at the same time renewed defendant's objection to the testimony as to the bank being robbed, and asked that the same be stricken on the ground that it was incompetent, irrelevant, and immaterial, and the jury be admonished not to consider it. The demurrer was treated by the court as a motion for a directed verdict, was overruled, and the defendant duly excepted. The defendant then demurred to that portion of the evidence pertaining to the bank robbery, and asked that the jury be admonished not to consider the same, which demurrer was overruled, and defendant duly excepted.

Twenty-one errors have been assigned by the defendant. After an examination and reading of the record and testimony contained therein, it is deemed necessary to consider the first assignment, which is that the said court erred in overruling the motion of plaintiff in error for a new trial, as the assignment covers, in substance, the questions raised by the defendant.

It is first urged that the defendant was transferred, from the county jail of Pottawatomie county to the state penitentiary for safe-keeping, and there kept until November 23, 1927, when he was returned to the county jail at Tecumseh, Pottawatomie county, and his case assigned for trial on December 5, 1927, thereby giving him only twelve days to prepare for trial. The record discloses that one of the attorneys for the defendant had been employed since the preliminary trial.

It is contended by the defendant that the court erred in overruling the motion of the defendant for a continuance on the ground of absence of witness Charles Anderson and James Moore, who it is alleged by the defendant were material for his defense. The motion filed by the defendant for continuance on the ground of the absent witnesses stated that he was unable to learn the whereabouts of these two witnesses; that if they were present he could show by them he was not in Asher at the time of the robbery, but was at another and different place. A motion for continuance is addressed to the sound discretion of the trial court, and unless an abuse of discretion is shown, the judgment will not be reversed on appeal. Herndon v. State, 35 Okla. Cr. 371, 250 Pac. 942; Martin v. State, 35 Okla. Cr. 248, 250 Pac. 552.

There is nothing in the motion of the defendant for a continuance to show the whereabouts of the absent wit-

nesses, or that they could be secured to attend trial at any future date.

"It is not error to deny an application for a continuance where it is made to appear that the whereabouts of the witnesses are unknown and there is no likelihood of procuring their attendance at a later term of court." Yancey et al. v. State, 41 Okla. Cr. 197, 271 Pac. 170.

"It is the duty of the defendant who applies for a continuance to exhaust all of his legal remedies to obtain the presence of his witnesses, and this should affirmatively appear in the application for continuance, otherwise the application will be bad on its face, and it is not an abuse of discretion for the court to overrule the motion for continuance." Hamit v. State, 42 Okla. Cr. 168, 275 Pac. 361.

In this case there is no diligence shown on behalf of the defendant to try to procure the attendance of the witnesses. If the defendant was with Anderson and Moore, the absent witnesses, on the date of the robbery, he knew it, and should have imparted this information to his attorneys before, without waiting until the case was called for trial. Under the showing made for a continuance the court did not abuse its discretion in overruling the defendant's motion for continuance.

It is next contended by the defendant that the verdict of the jury is the result of passion and prejudice. The record discloses a peculiar condition of circumstances. It is undisputed that the defendant in this case was one of the parties who entered the Bank of Asher and robbed its officers of a sum of money. The record further shows that as this defendant on trial left the bank he came up to where Bailey Browder was, and without any provocation whatever he fired a shot into the body of Browder that took his life. Under the testimony in this case we do not believe that the verdict reached by the jury was the result

of passion or prejudice. The defendant fired the shot at the deceased which took his life without any justification and without any authority whatever. The deceased was shot down in cold blood while attempting to stop the men who had taken part in the robbery of the bank as they drove away in their car.

The defendant contends that he did not have a fair and impartial trial, and that his rights were denied, and the verdict was the result of bias and prejudice, and that he was rushed into trial in violation of his rights. There is nothing in the record to show that the defendant was rushed into trial, and was for that reason deprived of his constitutional right of a fair and impartial trial. The only witnesses named by the defendant were the two witnesses mentioned in his motion for continuance, whose whereabouts were unknown. The defendant did not offer any testimony or make any showing that there were other witnesses whose testimony was material to his defense. There is no merit in this contention, for the reason that there is nothing in the record to show that the defendant, or his attorneys, at any time made an effort to secure the attendance of any witnesses for the defendant, or that they had asked that any process issue for witnesses at any time, clearly showing that the defendant was not rushed into trial and deprived of any of his constitutional rights.

The defendant complains of the action of the court in permitting the witness R. M. Foster, who was a codefendant with him, being used against him. The name of R. M. Foster appeared as one of the witnesses; therefore the defendant could not have been taken by surprise, and must have known from the time the list of witnesses were served on him, up to the time the trial began, that Foster was to be a witness against him. There is no merit in this contention.

There are other errors assigned by the defendant, but from an examination and study of the record they are without merit. This court realizes that the death penalty is a severe penalty for the commission of crime, but from the record in this case the murder was a willful and felonious one, committed by the defendant while in the act of committing another felony. The defendant does not complain of the instructions of the court, and, after a careful study of the same, we hold they correctly stated the law as applied to the facts in this case. The defendant was accorded a fair and impartial trial. The jury were the sole and exclusive judges of the evidence and the credibility of the witnesses. The testimony is sufficient to sustain the judgment. Under the evidence in this case this court does not feel like it would be justified in modifying the judgment and sentence of the trial court. The judgment appealed from is therefore affirmed.

It is further ordered by the court that the warden of the state penitentiary proceed to carry into execution the judgment of the district court of Pottawatomie county in this case, and the second day of May, 1930, is fixed as the date for executing the sentence as pronounced.

CHAPPELL, J., concurs. EDWARDS, P. J., absent, not participating.