## WILLIAM M. NEARY v. STATE.

No. A-7807. Opinion Filed May 23, 1931.
Rehearing Denied Aug. 15, 1931.
(1 Pac. [2d] 819.)

8

M. D. Hartsell, B. B. Wheeler, Thos. E. Neary, and Wm. N. Harrison, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county on a charge of arson in the second degree and was sentenced to serve a term of two years in the state penitentiary.

At the time charged defendant, with his wife and child, lived in the city of Muskogee in a house which belonged to his brother. The household goods belonged to defendant. The house was insured for $3,500, the household goods for $1,200. On the afternoon of June 4, defendant, his wife, child, and brother, drove from Muskogee to Tulsa and spent the night, and returned to Mus-

kogee in the afternoon of June 5. About 2 o'clock a. m., of June 5, a fire alarm called the fire department to the house in question. When it reached there in about five minutes, the house was all in flames; several different rooms already were burned through the doors. The fire was finally put out, and an examination then revealed that the walls, which were mainly of beaver board and plaster, were cut or broken through in various places and were stuffed with newspapers, and other inflammable material saturated with kerosene or gasoline. A can was found on the premises and a mop with oil on it, which apparently had been used as a torch. Remains of the furniture and fittings of the house were scattered about the floors.

As is usual in cases of this kind, the evidence connecting defendant with the burning of the house is circumstantial. One witness testified that on Saturday preceding the fire on Tuesday morning, he was at the place and saw no bed clothing on the bed of one of the rooms, but there was a big pile of excelsior there, and in the walls of the rooms he saw holes with paper stuffed in them. Other witnesses testified that, contrary to the usual custom, the window shades were down a few days before the fire, and there was a knocking and hammering at the place and a rasping sound as of the use of a saw. There was some other evidence along the same line. The testimony of these witnesses was shaken considerably on cross-examination and was contradicted and to some extent impeached by other evidence and by showing ill will of some of the state's witnesses. The state was unfortunate in the mental qualifications of witnesses who testified as to the preparation for the fire, but that the walls were broken and stuffed with inflammable material, saturated with kerosene or gasoline, and that the fire was of incendiary

origin, is conclusively proven and in fact is not controverted. This very strongly corroborates the testimony of the unsatisfactory witnesses as to the hammering and other noises at the house just prior to the fire. Defendant denied any knowledge of or connection with the burning of the property and introduced testimony of good character and to show the property was insured for much less than its value.

The contention is made that the evidence is not sufficient to sustain the verdict and judgment, citing People v. Kelly, 11 App. Div. 495, 42 N. Y. S. 756, and other cases. This contention is directed more to the credibility of the witnesses for the state and the reasonableness of their testimony than to its sufficiency. If the witnesses are to be believed, there is ample testimony to sustain the judgment. It is hardly conceivable that any one could have prepared the house for an incendiary fire in the manner shown without at least the connivance of defendant. This evidence excludes any reasonable hypothesis of his innocence. The plan must have gone awry on account of the speed and efficiency of the fire department. The jury saw the witnesses, observed their appearance and demeanor on the stand, and it was for them to say whom they would believe or disbelieve. This court will not disturb the verdict on the weight of the evidence.

It is argued there was error in overruling the application for a continuance. The motion and supplemental motion in substance set out that the wife of defendant is a material witness; that she is physically ill and could not appear at the trial. That she is insane, but has lucid intervals, and at such times can detail a correct statement of facts and, if the case were continued two or three months, her mental condition would improve, and she

would be able to give coherent testimony. Further, that other named witnesses were absent who if present would testify to a state of facts to impeach one or more of the state's witnesses. As to defendant's wife, it was shown she had been insane two or three years; that the day following the fire she had been adjudged insane, and it appeared that it was problematical whether she would improve mentally. As to the other witnesses there is no sufficient showing of diligence. A careful scrutiny of the record convinces us that the court did not abuse its discretion in overruling the application.

Complaint is made that the court excluded competent evidence offered by defendant. In the main this is directed to testimony tending to discredit the state's witnesses. In an instance or two, the evidence offered should have been admitted, but the matter excluded was of no particular significance, and in the light of the entire record could not have affected the verdict of the jury. This error was harmless. Section 2822, Comp. Stat. 1921.

Several other assignments are argued in the briefs, including the admission of incompetent evidence, misconduct of the county attorney, and prejudicial remarks of the court. These assignments have not been overlooked, but have had consideration. The case was closely tried by zealous and able counsel, and as may be expected some of the proceedings may be justly criticized. We are certain, however, that defendant had a fair trial, and that the verdict is just, and that the court committed no error materially prejudicial to defendant.

The case is affirmed.

CHAPPELL, J., concurs. DAVENPORT, P. J., absent, not participating.