VIRGIL WININGER v. STATE.

No. A-8553.  Aug. 8, 1933.
Rehearing Denied Sept. 8, 1933.
(24 Pac. [2d] 664.)

David Tant, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Ted R. Fisher, Co. Atty., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Blaine county of the crime of conjoint robbery, and his punishment fixed by the court at imprisonment in the state penitentiary for a period of ten years.

Defendant first contends that the evidence is insufficient to support the verdict of the jury.

The evidence of the state was that John Webb, who had known the prosecuting witness I. M. Hughes for about ten years, Joe Watson (alias Mr. Bailey), and defendant, went to the home of the prosecuting witness in Geary, on the pretense of selling him some oil stock; that through threats they forced him to go to the bank—Bailey accompanying him—and there draw $2,000 in currency; that the parties threatened to shoot the prosecuting witness full of holes if he made any outcry; that, after they returned to the residence of prosecuting witness defendant grabbed the money and ran with it toward town; that prosecuting witness in his car overtook defendant and the money was returned to him; that after going back to the house, following the recovery of the money, defendant again took the money and fled with it, after telling the prosecuting witness that, if he hollered or made any back talk, he would be riddled with bullets.   Defendant claims that he won the $2,000 in a poker game with the prosecuting witness at his home.   The jury, we think properly, believed the prosecuting witness rather than the defendant himself, and found him guilty.

It is next contended the court erred in overruling defendant's motion for a continuance.

It appears from the affidavit filed by defendant that the case was set for trial on the 23d day of September, 1932, at Watonga; that on the 21st day of September, 1932, defendant had a subpoena issued for one A. B. Cooper, directed to the sheriff of Oklahoma county. It is apparent from the affidavit that due diligence was not shown by defendant to secure the attendance of this witness.

A defendant who applies for a continuance on the ground of absent witnesses must exhaust all his legal remedies to obtain the presence of such witnesses, and this must affirmatively appear from the affidavit; otherwise it is bad on its face, and it is not an abuse of discretion for the court to overrule the application. Guest v. State, 46 Okla. Cr. 228, 287 Pac. 818; Wagner v. State, 46 Okla. Cr. 269, 285 Pac. 141.

Defendant next contends that, if any crime was committed, it was that of larceny from the person and not conjoint robbery.

The authorities which he cites correctly state the law covering the facts in those particular cases, but they are distinguishable from the case at bar in this, that in those cases there was no wrongful taking of personal property accomplished by means of force or fear. In the case at bar there is ample evidence, as shown by the testimony of the prosecuting witness, of threats and intimidation by the defendant, which caused the prosecuting witness to fear for his life, and by reason thereof the $2,000 was taken by defendant and his accomplices from the prosecuting witness.

Defendant next complains the court erred in refusing to give certain requested instructions.

An examination of the record discloses that the court on its own motion correctly instructed the jury upon the matters requested by defendant. This court on a number of occasions has held that it is not error for the trial court to refuse to give requested instructions, although they may correctly state the law, if the principles therein contained have already been given in the general instructions.

The court having properly instructed the jury on the theory of the defense, defendant was not entitled to have his requested instructions given, even though they may have correctly stated the law.

While some of the instructions are not artfully drawn, yet, when they are all considered together, they fairly state the law of the case and were as favorable to defendant as the evidence warranted.

Finding no substantial error in the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.