## LON PRESLEY v. STATE.

No. A-10032. Feb. 24, 1943.

(134 P. 2d 595.)

Hendon & Hendon, of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Lon Presley, was charged in the district court of Pottawatomie county by information with the crime of assault with intent to kill, was tried, convicted and sentenced to serve five years in the State Penitentiary, and has appealed.

The only ground urged for a reversal of this case is that the trial court erred in overruling the motion for continuance filed by defendant.

The motion for continuance reads as follows:

"Comes now the defendant and moves the Court to continue the trial of the above entitled cause now set for hearing on the 11th day of September, 1940, for the reason that said defendant is unable to proceed to trial at this time, and for cause shows:

"1.   That defendant has been at all the times during the pendency of this cause in the District court, without estate, or funds with which to employ counsel in the defense of this charge; nor was it possible until the 7th day of September, 1940, through the charity of defendant's kinsmen in Stephens County, Oklahoma, and in the State of Texas, for defendant to procure funds with which to employ counsel to represent him at this trial; that said defendant, as soon as he was able to procure such funds, defendant did employ and retain the law firm of Hendon & Hendon at Shawnee to make his defense in the District Court; that on account of the short time before said trial, as it is now set, said attorneys have not had sufficient time to counsel with defendant, or to consult with witnesses, and to otherwise prepare for trial, or to defend in this cause.

"2.   That said defendant is unable to proceed to trial at this time, for the reason that he is unable to have in Court certain witnesses, whose testimony is vital and necessary in the proper defense of the said Lon Presley, defendant herein.

"That said witnesses: Homer Pruitt of St. Louis, Oklahoma, and Tommie Powers, 200 block South Osage St., Shawnee, Oklahoma, have been subpoenaed, and said subpoena returned not found, and said defendant will be unable to have said witnesses in court at this term, or at this setting of this Court; That said witnesses are only temporary away, and can be present and testify at the next setting of criminal cases in this Court.

"That said witnesses, if present would testify, in substance, as follows: 'That on the day, and at the time of the difficulty between the complaining witness, and this defendant, and at the time and place of the commission of the act, as alleged to have been committed by the defendant, Lon Presley, the complaining witness, one J. J. Harper, and without the provocation on the part of defendant, picked up an chopping Axe, and while holding the same in his right hand, with said Axe up-raised and threatening defendant, advanced toward the said defendant, and that the said defendant fired the gun in question only after the said Harper had approached dangerously close to the said Presley, and then defendant fired said gun to one side to intentionally miss the said Harper, so as not to injure Harper; that it was only after Presley had warned Harper to drop the Axe, and to stop, and upon Harper's failure to stop, did Presley fire the gun resulting in the injury to Harper.'

"Said witnesses will further testify that defendant at the time he appeared in the yard with said gun, that he was chasing a pack of dogs, among which there was one female dog in heat, being chased by a pack of male dogs; that said dogs had been for some time in the yard of the said defendant, there deploying themselves according to their canine inclinations, in the presence and to the annoyance of defendant's family. That it was after defendant had chased said dogs away, and while returning to his house with his shot-gun, that the complaining witness, Harper, appeared from behind Presley, called to him, and commenced the argument, and later was in the act of committing the assault upon the defendant.

"That said defendant is unable to have said witnesses present in court, and to have the advantage of such material testimony, as more fully set forth in the affidavit of the said defendant, Lon Presley, hereto attached as 'Defendant's Exhibit A', as a part of this Motion."

Attached to the motion is the affidavit of the defendant setting forth that the witnesses would testify to the facts, which affidavit, so far as said facts are concerned, is in the same language as is set forth in the motion. The affidavit further recites that the evidence could not be furnished through any other witnesses.

A short statement of the facts should be made in order to better discuss this contention of the defendant.

The defendant, Lon Presley, lived in a tenant house on the farm and close to the home of J. J. Harper, the prosecuting witness. The defendant owed Harper several months' rent and Harper had made a demand for payment. About noon on Sunday, October 15, 1939, the defendant fired two shots from a shotgun at Harper, one of them taking effect causing serious bodily injuries from which Harper later recovered.

It was the contention of the state that the defendant, while intoxicated and without provocation, shot Harper as he was emerging from a toilet. The physical facts, including the finding of several shot in the door of the toilet, and the testimony of two eye-witnesses corroborated Harper's testimony.

The defendant testified that Harper had an axe in his hand and was starting towards him when he was forced to fire in self-defense; that he had taken his gun out in Harper's yard to chase some dogs that had been annoying him; that he had not had anything to drink until after the shooting.

A consideration of the motion and affidavit thereto attached shows that it is insufficient on its face to require the court, as a matter of law, to grant the continuance.

In the case of Petty v. State, 11 Okla. Cr. 438, 147 P. 782, it is stated:

"An affidavit for continuance on the ground of the absence of material witnesses, who are out of the state, which states that the defendant expects to procure their attendance at the next term of court, to be sufficient should state the grounds of such expectation, so that the court may determine whether or not it is reasonable."

The motion of defendant recites that he has issued subpoenas for the two witnesses and they have been returned not found; that said witnesses will be unable to appear during said term of court, but that they can be present and testify in the next setting of criminal cases.

To be sufficient on its face the motion should have stated the whereabouts of the absent witnesses and the facts with reference to when they would return to the jurisdiction of the court, so that the court may determine from an examination of the motion whether or not it was reasonable to expect that the witnesses could be procured for attendance at the next term of court.

In reviewing the refusal of a continuance on account of the absence of witnesses, the record will be examined and the evidence adduced at the trial considered by this court to determine whether there are any facts which show that the defendant was materially prejudiced by reason of the failure of the court to grant a continuance.

In the testimony of the defendant concerning the witness Homer Pruitt, the defendant testified:

"Q. (By Mr. Hendon, Attorney for Defendant) Did you see this man Homer Pruitt there that day? A. No; I never did see him. Q. He lived in a little house up north? A. Yes, sir. Q. You understood later he was there, or present? A. Yes; he told me later, he didn't know anything about it until the shooting was over, is all I know of him being there."

This testimony of defendant refutes his affidavit that Pruitt was an eyewitness and would corroborate what defendant testified concerning the shooting. The witness Hurst who testified for the state was with Pruitt and if his testimony is believable Pruitt would have corroborated the story of the prosecuting witness rather than that of defendant. There was some evidence in the record that Pruitt had moved to California and there is nothing in the record from which the court might conclude that he would ever return to the state.

As to the witness Tommy Powers, the defendant testified that Powers was a bootlegger and had brought him a half gallon of whisky on that date. Considering the character of this witness, as testified to by the defendant, and the lack of any proof as to his present whereabouts, it is clearly no abuse of discretion to refuse to continue the case because of his absence.

It has been a rule of consistent observance by this court that a motion for a continuance upon the ground of absent witnesses is addressed to the sound judicial discretion of the trial court, and unless an abuse of this discretion appears, a judgment of conviction will not be reversed. Also, that a motion for continuance should show due diligence upon the part of the defendant to have the absent witnesses present for the trial. At the time the motion was presented the trial court made the following statement:

"The application for continuance is denied for this reason: This case was set for trial on April 17, 1940; on April 17 it was continued to April 18; on April 18 it was stricken from the assignment. On August 28 it was set for trial for September 9. During all the time the matter was set for hearing Emmons Arrington, a member of the local bar, appeared on behalf of the defendant. When the case was set for trial on September 9 said Emmons Arrington was attorney of record. For the further reason that the praecipe for subpoena was not filed until September 7, which was Saturday before the day when the case was set for trial on September 9; that the case had been set for trial since August 28; that the defendant himself was dilatory in procuring counsel; that the present counsel appeared on August 9, and at counsel's request the matter was continued until September 11—or at least at counsel's request for continuance the Court continued the matter to September 11—counsel didn't request it be continued to September 11. The Court specifically holds the present counsel is not at fault because of the fact they were employed the day before the matter was called for trial, but the Court does hold that the defendant himself for a period of six months has been represented by counsel, and that he has been dilatory, and the Court believes that the processes of the Court must be followed with diligence, and for that reason the application for continuance is denied."

After a consideration of the whole record, it is our conclusion that the defendant has had a fair trial; that there is no doubt of his guilt; and there was no abuse of discretion on the part of the trial court in refusing to grant a continuance.

The judgment of the district court of Pottawatomie county is accordingly affirmed.

BAREFOOT and DOYLE, JJ., concur.