Carl PAYNE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13320.

Court of Criminal Appeals of Oklahoma.

Dec. 4, 1963.

Rehearing Denied Jan. 15, 1964.

R. O. Ingle, Sallisaw, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

JOHNSON, Judge.

Carl Payne, hereinafter referred to as defendant, was on October 13, 1958 charged in Sequoyah County, Oklahoma, with the crime of robbery by force, second and subsequent offense, in that on or about September 19, 1958 he robbed by force and fear one Albert Masterson of $128 in good and lawful money of the United States; the information alleging that said defendant had been convicted of grand larceny in Sequoyah County prior thereto and had served a term of three years in the State penitentiary.

This information was signed by Fred Campbell, Jr., County Attorney. In the record before us, there appears an order dated October 5, 1959 stating that the case was assigned for trial for October 19, 1959 and that the then county attorney, Katherine Ingle, was employed as defense attorney before becoming county attorney, the order appointing W. S. Agent, an attorney of the Sallisaw Bar, as special prosecuting attorney in this action.

Thereafter and on October 13, 1959 Gene O. Ingle, attorney for defendant, filed a motion for continuance for the reason that his health was such that he was unable to try the case at the October, 1959 term of court; and further for the reason that defendant had been unable to locate two of the witnesses essential to his defense, James McMahan, whose address was unknown, and Loretta Ray, whose address in California was then unknown to the defendant. The case was continued for the term.

On September 5, 1962 permission was granted the special county attorney to amend the information to conform to a recent opinion of this Court with reference to second and subsequent offense charged.

On September 17, 1962 defendant filed a motion to dismiss the action for the reason

that defendant had not been granted a speedy trial, as provided by the Constitution and statutes, and on the same day filed an affidavit for continuance for the reason that he was unable to locate two witnesses necessary to his defense, Viola Seay now Brown, and Loretta Ray. (James McMahan, named in the former motion for continuance, was present at the trial and testified for defendant.)

On hearing the motion to dismiss, the State called the deputy court clerk, who testified that there had been five terms of the district court since October 13, 1958, and further, that there had been no written or oral demands by the defendant for trial. The record shows that defendant made bond and was released on September 29, 1958, and the trial court stated that he has not been incarcerated since that date. His case was on the docket for the second term after his arrest, and continued at his request.

Under the assignments of errors we do not consider it necessary to further set out the evidence.

Defendant lists ten assignments of error in his motion for new trial, and the same assignments in his petition in error. In his brief he argues and cites authorities on five of these assignments, and states that he does not abandon the other assignments, but knows the Court, before rendering an opinion, will search the record for fundamental errors.

Defendant's first proposition is: "That the trial court erred in overruling defendant's motion to dismiss the action because of, and, for the state's failure to give the defendant a speedy trial under 22 O.S. 812, and Article 2 Section 20 of the Oklahoma Constitution."

The sections of the statute and the Constitution cited are too familiar to require repetition.

In addition to citing the statutes and Constitution, the defendant relies on the case of In re Gregory, Okl.Cr., 309 P.2d 1083, wherein this Court granted the writ and ordered the district court of Mayes County to release the defendant.

In that case the defendant had been held in jail for substantially sixteen months, during three full terms and a part of the fourth, of the district court, without bail, and without a trial. That case recites that the defendant demanded a trial, filed a motion for dismissal, and a petition for writ of habeas corpus, and this Court states: "It does appear that the trial court refused to take any definite action designed to provide a speedy trial, hence, resort to this Court." The facts in the Gregory case are clearly distinguishable from those in the case at bar.

■ The early case of Bowes v. State, 7 Okl.Cr. 316, 126 P. 580, opinion by Judge Doyle, has been repeatedly followed since that time. Judge Doyle stated:

"In the absence of a proper record affirmatively showing the contrary, the presumption is that the court had continued the case for a presumably lawful cause. The burden was on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state through its prosecuting officers; otherwise the presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand a trial or resist the continuance of the case from term to term. A defendant who has never demanded or been refused trial is not entitled to a discharge under the constitutional provision (article 2, § 20) and the statutory provision (section 6498 Snyder's Sts.). [Comp.Laws 1909 22 Okl.St.Ann. § 812]."

See Stroud v. State, 57 Okl.Cr. 273, 47 P.2d 883; Ex parte Meadows, 71 Okl.Cr. 353, 112 P.2d 419; Hutson v. State, 72 Okl.Cr. 61, 112 P.2d 1109, and many cases cited therein.

■ This defendant was at liberty on bond, and in construing the above constitutional and statutory provisions we have consistently held that where a person is on bond, the burden is on him to show that he has demanded trial, or that he objected to

the continuance from term to term. As stated by Judge Doyle, a defendant who has never demanded trial or been refused trial, is not entitled to be discharged. We are of the opinion that the facts shown in this case do not bring defendant within the rule of the statute or Constitution.

Defendant's second proposition is: "That the trial court erred in overruling defendant's motion to continue said cause to another term in order that defendant could obtain and have the evidence of testimony of the only two eye-witnesses to the fact that the defendant was in their place of business at the time the alleged crime was committed, or perpetrated upon the complaining witness."

Defendant quotes the affidavit for continuance signed by the defendant, the gist of which is that the defendant had made an honest effort to obtain service on witnesses Viola Seay, now Brown, and Loretta Ray, by issuing subpoenas and delivering them to the sheriff of Sequoyah County; that the subpoenas were returned showing the witnesses not found in said county; that if present they would testify that defendant at the time the crime was alleged to have been committed in Sallisaw was eating supper in a cafe operated by witnesses in Vian, Oklahoma. There was no suggestion that they or their testimony could be had at the next term of the Court.

The defendant himself is a little vague about his activities subsequent to the time he was let out of a truck in Vian at 6:45 in the evening. He stated that he went to the cafe at 6:45 and drank coffee, and "sat around for a while", then drove out on the highway to the home of Freeman Forbus, drank some, and loafed around a while, and he and Forbus returned to the cafe and ate supper. The cafe was operated by Viola and Evelyn Forbus, the former wife and the daughter of Freeman Forbus. Witnesses for the State fixed the hour of the robbery at 7:15 p. m. Freeman Forbus testified that defendant came to his home about 8 p. m., and witness went with defendant to the home of defendant's mother, where defendant changed his trousers, and they then went together to the cafe and ate supper. Vian, according to the official map of Oklahoma, is about ten miles from Sallisaw, and the home of Forbus was on the highway.

■■ A motion for continuance should state facts with reference to the present whereabouts of an absent witness, and the grounds for the expectation that the witness will be present at the next term of the court. Presley v. State, 76 Okl.Cr. 120, 134 P.2d 595; Petty v. State, 11 Okl.Cr. 438, 147 P. 782.

■ This Court has many times held that it is within the discretion of the trial court to grant or refuse a motion for continuance on account of the absence of witnesses, and unless an abuse of such discretion is shown, the ruling of the trial court will not be disturbed. Neary v. State, 52 Okl.Cr. 7, 1 P.2d 819; Moreland v. State, 45 Okl.Cr. 426, 283 P. 1036; Herndon v. State, 35 Okl.Cr. 371, 250 P. 942.

At the time defendant filed his motion for continuance on October 13, 1959 he stated that the witness Loretta Ray was necessary for his defense, and further stated that her address in California was unknown to defendant. Defendant had from October 13, 1959 to September 17, 1962 to marshal his evidence in defense, and the trial court no doubt thought that he had not used due diligence.

■ It is our opinion that the trial court did not err in denying defendant's motion for continuance.

Defendant's propositions three and four involve the information and amended information filed herein, and defendant's objections thereto.

■ The original information filed on October 13, 1958 charged this defendant with robbery by force, second and subsequent offense, under Title 21 Okl.St.Ann. § 51. This statute, known as the habitual criminal statute, at that time had been declared constitutional by this Court in many cases. However, on February 1, 1962 this

Court in an exhaustive opinion by Judge Nix in Harris v. State, Okl.Cr., 369 P.2d 187 recommended and the Court adopted the procedure to be followed in all such future prosecutions, and stated that unless such recommended procedure was complied with, reversible error would be created.

The special county attorney, in an attempt to comply with the rules laid down in Harris v. State, asked leave and was granted permission to amend the information, and while there are some superfluous statements in the second sheet of the information, it is our opinion that the county attorney, and the trial court in his instructions, substantially complied with the rule of the Harris case, and we do not find any material error therein.

Defendant's tenth proposition is that the verdict and judgment is excessive.

Under the charge and the evidence submitted, this defendant could have been sentenced to life imprisonment. With the record of crime that classified the defendant as an habitual criminal, it is easily understood why the jury believed the evidence of the witnesses for the State, rather than that of the defense. This Court under the circumstances has no authority to overturn the verdict of the jury, and no facts are disclosed that would justify a modification of the judgment of the trial court.

Counsel for defendant does not cite authorities or argue his propositions 5, 6, 7, 8 and 9.

We have carefully read and considered the record and briefs before us and fail to find any fundamental error. The evidence was amply sufficient to support the verdict of guilty. The instructions of the court fully covered the law in the case, and no exceptions were taken to any of the instructions, and no instructions were offered by the defendant.

The judgment and sentence of the district court of Sequoyah County is accordingly affirmed.

BUSSEY, P. J., and NIX, J., concur.