## A. H. GRALL v. STATE.

No. A-4409.    Opinion Filed Feb. 9, 1924.
(222 Pac. 701.)

(Syllabus).

1.    **Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Manufacture.**  In a prosecution for manufacturing intoxicating liquor, evidence reviewed, and held sufficient to sustain the verdict and judgment of conviction.

2.    **Appeal and Error—Continuance Discretionary.**  The granting or refusing of a continuance is in the discretion of the trial court, and its decision will not be disturbed on appeal, unless it appears that there has been an abuse of such discretion.

Appeal from County Court, Seminole County; B. F. Davis, Judge.

A. H. Grall was convicted of the unlawful manufacture of intoxicating liquor, and he appeals. Affirmed.

Hill & Billingsley, for plaintiff in error.

George F. Short, Atty Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.  The information in this case charges that A. H. Grall, John Craig, and Bob Odel did in Seminole county, on or about the 24th day of March, 1922, commit the crime of manufacturing intoxicating liquor, to wit, about two gallons of corn whisky, "by a method of fermentation and distillation from a substance and product the ingredients of which are to the county attorney unknown, but com-

monly called mash, and containing alcohol as a by-product, by and through and by means of a certain apparatus or plant known as a 'whisky still,' made and constructed out of a copper worm, a copper boiler, and a wooden cooling keg.''

Upon his separate trial appellant, A. H. Grall, was convicted, and his punishment fixed at confinement in the county jail for 60 days and a fine of $500. He has appealed from the judgment rendered upon such conviction.

The facts, which are undisputed, or which the evidence tends to prove, are that on the date alleged Montgomery, a deputy sheriff, in company with Crosby, a constable, Frank Brown, and Jim Lane, came upon a still in operation, situated in a canyon, about a quarter of a mile from the home of the defendant. They found a barrel half full of mash and about two gallons of fresh-made whisky by the still. Bill Montgomery testified:

''We went down the canyon about a quarter of a mile southeast of Grall's house, and found them operating a still. Grall was firing, Odel was pouring water into the cooling keg, and John Craig was asleep. We made a run, and told them to stick their hands up. Grall said, 'Come down and have a drink.' I saw him put wood on the fire. Grall threw a jug over the cliff, and it fell into a water hole. It had corn whisky in it. There were two copper wash boilers, a copper worm, a cooling keg, and half a barrel of mash. They were running off the liquor. We found three gallons that Grall tried to throw away, and we got two gallons of that.''

As a witness in his own behalf, A. H. Grall testified:

''Bob Odel told John Craig and me that, if we would come over there, he would give us something to drink. We went over. It was a little too strong, and he said, if we would wait a while, he would run off the rest; that it would be weaker, and we could drink it. I laid down and went to sleep. The first thing I heard some one said, 'Stick them up!'

and there was a flash light right in my face. I said 'To hell with you; if you want a drink, come down and get it,' and Montgomery rolled down the bank. I said, 'I do not think you are an officer,' and I told him not to get excited. I did not have any interest in that still or the whisky.''

Bob Odel, codefendant, testified:

"My age is 72 years. I was making whisky in a pasture that belongs to Mr. Swartz, who lives in Arkansas. Along in the night, about 10 o'clock, A. H. Grall and John Craig came down where I was making whisky. They laid down and went to sleep. Directly after the officers came, Grall woke up and told them to come down and get a drink. One of the officers handed Grall a jug, and he threw it down. The still was mine. Grall had no interest in it; he had nothing to do with it. I pleaded guilty and am serving the time.''

The foregoing is but part of the testimony, but it is sufficient to show that the testimony on the part of the state, if credited, was amply sufficient to sustain the conviction.

The overruling of defendant's demurrer to the information is assigned as error. Tested by statutory rules, the information in this case is without a doubt sufficient, and the court did not err in overruling the demurrer thereto.

It is next insisted that the court erred in refusing to grant defendant's motion for a continuance of the term, on the ground of the absence of John Craig, a codefendant, and alleged that, if present, John Craig would testify that he was with this defendant on the day and night it is alleged that this offense was committed, and together went to the place where Bob Odel was making whisky; that this defendant never made any whisky, and never advised, assisted, or participated in the making of whisky; that defendant had a subpoena issue for the said John Craig, who is now confined to his bed, sick, and is unable to be in attendance at this term

of court. The motion was in legal form and duly verified. It is not shown that this codefendant would be willing to testify, if present, and it appears that the county attorney admitted that John Craig, if present, would testify as alleged in the motion for a continuance. The motion for continuance was read as the deposition of the absent witness. The uniform holding of this court is that it is a matter within the sound discretion of the trial court to grant or refuse a continuance. The court did not err in overruling defendant's motion.

The case appears to have been fairly tried, and was submitted to the jury by instructions, not only free from reversible error, but free from reasonable criticism.

The judgment is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.