## JOE WALLACE v. STATE.

No. A-4628.   Opinion Filed Feb. 14, 1925.
(233 Pac. 241.)

(Syllabus.)

**Appeal and Error—Proceedings Presumed Regular—Burden on Appellant to Show Error and Injury.** All presumptions are that the proceedings in a criminal case are regular and in conformity to law, and when an accused, on appeal, challenges the proceedings under which he was convicted, he must show affirmatively the irregularity of which he complains, and that he was injured thereby.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

Joe Wallace was convicted of possession of whisky with the intention of selling, and he appeals. Affirmed.

D. B. Madden and Walter Hubbell, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J. It appears from the evidence that the

plaintiff in error was a bachelor and that his father and brother-in-law lived with him; that on the 11th day of December, the sheriff and deputies went to his place and in a search found three half-gallon jars of whisky hidden in an out-house. They arrested the plaintiff in error and he was tried on the 6th day of February, following. In the course of the trial objection was made to the admission of the whisky in evidence, for the reason that it had been taken without a search warrant. The sheriff was then asked if he had a search warrant, and, over objection, stated that he had.

The search warrant was not introduced in evidence, but appears in the case-made as a part of the record. It is regular on its face, reciting that it was issued upon affidavit. It was, however, not returned and filed in the court until the 15th day of March, which was subsequent to the trial.

The plaintiff in error argues that the court will not entertain the presumption that it was supported by sufficient affidavit, or that there was any affidavit whatever. The contrary, however, has been the uniform holding of this court. Error is not presumed, but, on the contrary, the presumption is that the trial was regular and fair, and that all the proceedings were in due form of law, and the burden is upon the party complaining to overcome this presumption, and to show that the proceedings were erroneous and that he suffered injury thereby. Beatty v. State, 5 Okla. Cr. 105, 113 P. 237; Killough v. State, 6 Okla. Cr. 311, 118 P. 620; Thornsberry v. State, 8 Okla. Cr. 88, 126 P. 590; Stark v. State, 10 Okla. Cr. 177, 135 P. 441.

In the case at bar if there was, in fact, no sufficient affidavit on which the search warrant was based, it was incumbent on the plaintiff in error to establish that fact. When he fails to do so the presumption is that the search

warrant in question was regularly issued upon a sufficient affidavit.

Complaint is also made that the evidence is insufficient. The finding of whisky concealed at the place of residence of the plaintiff in error, however, is admitted, and there was proof of indications of the manufacture of whisky on the premises, and some other slight circumstances. The plaintiff in error offered no testimony. While the evidence on the part of the state is not strong, yet we believe there is sufficient evidence to sustain the verdict.

The case will be affirmed.

BESSEY, P. J., and DOYLE, J., concur.