# CHARLES N. ROSS v. STATE.

No. A-5479.    Opinion Filed June 1, 1926.
(246 Pac. 645.)

Lunsford, Bulgin & Windham, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J.    Charles N. Ross, plaintiff in error, in this opinion referred to as the defendant, was charged with the murder of Ballard Hale, accomplished by means of a dangerous instrument, a pocket knife. At the trial he was found guilty of manslaughter in the first

degree, with his punishment assessed at 5 years in the state penitentiary.

The defendant and the deceased, Ballard Hale, engaged in a fist fight on the streets of Spiro. Hale was unarmed, and the defendant in the course of the affray stabbed him with a pocket knife, inflicting a mortal wound. The defendant sought to justify upon the ground of self-defense, and that theory of the case was properly presented and covered by the court's instructions to the jury.

The chief, in fact practically the only, ground relied upon for reversal is that the defendant was forced to trial before he had an opportunity to prepare his defense. The trial occurred 17 days after the crime was committed and 12 days after he had entered his plea of not guilty.

The defendant subpoenaed and used 22 witnesses in his defense. He was defended in an able manner, and there was no showing, either on the hearing of the motion for a continuance or on the motion for a new trial, that, had additional time been granted, he would have been able to procure any other evidence which would likely have changed the result.

The motion for a continuance was as follows:

"The defendant, C. N. Ross, being duly sworn, upon oath states: That he is the defendant in the above-entitled action and stands charged by information with the crime of murder, which is alleged to have been committed on the 13th day of September, 1924. That the defendant has used due diligence to prepare his case for trial and has had subpoenas issued for his witnesses, among which witnesses is Jim Cusick, a resident of Le Flore county, Okla., who lives about 7 miles west of Spiro in this county. That a subpoena was served on the said Jim Cusick on the 29th day of September, 1924. That defendant's preliminary trial was had on September 18,

1924, and that the attorneys for the defendant have been engaged in this court, which has been in session since the 15th day of December (sic), 1924, and have been unable to see and talk to all of the witnesses for the defendant. That the defendant does not know the exact facts to which the said Jim Cusick would testify if present, but that the said Jim Cusick was an eyewitness to the difficulty, and is informed that he is a witness favorable to the defendant, but that the defendant did not know nor learn that he saw the difficulty until yesterday, the 29th day of September, 1924. That the said Jim Cusick is not absent by the procurement or the defendant, and is not absent with the consent and by the connivance of the defendant, but that the defendant is informed that the wife of the said witness Jim Cusick is dangerously ill. That, if this case were continued until the next term of this court, or until a later day in this term, the defendant would be able to procure the attendance of the said Jim Cusick. Wherefore defendant prays that this cause be continued for the term, or until a later day in the term."

It will be seen that this application for a continuance is based solely upon the absence of Jim Cusick, a resident of Le Flore county, who had been subpoenaed as a witness in behalf of the defendant, but, who, it was claimed, did not appear because of the illness of his wife. The application was not supported by the affidavit of any physician, showing that Mrs. Cusick was indeed ill, or by the affidavit of any other person who assumed to know of such illness.

There was no error in denying the application upon the grounds set forth, because there was no statement of what facts this witness would testify to if present. No request was made for an attachment to bring the witness into court. Applications for a continuance are construed most strongly against the pleader. Musgraves v. State, 3 Okla. Cr. 421, 106 P. 544. A continuance should be granted only that justice may be done, and not merely

for purposes of delay. Pugh v. State, 6 Okla. Cr. 578, 120 P. 296.

It is contended next that a new trial should be granted, because the defendant was deprived of his right to be furnished with a list of the witnesses to be used by the state, in chief, with their post office addresses. Upon this point the record is silent. The presumption is therefore that the defendant was either served with such list of witnesses, or went to trial without objecting to not having been served with the list, and so waived this right. In either event he cannot now be heard to complain. Error must affirmatively appear from the record. Every presumption favors the regularity of the proceedings had upon the trial, and the accused must affirmatively show prejudicial error. Killough v. State, 6 Oka. Cr. 311, 118 P. 620; Wallace v. State, 29 Okla. Cr. 197, 233 P. 241.

The court aptly instructed the jury upon the different degrees of manslaughter, upon the right of self-defense, upon the showing of the good character of the accused, upon the showing made that the deceased was a quarrelsome, dangerous man; and we must assume that all of these issues were duly considered by the jury.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.