## JIM HUSBAND v. STATE.

No. A-6855.   Opinion Filed Oct. 26, 1929.
Rehearing Denied Jan 4, 1930.
(283 Pac. 584.)

Bond & Bond, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Stephens county, on a charge of stealing a hog, and was sentenced to imprisonment in the state penitentiary for seven years; from which judgment the defendant has appealed to this court.

The testimony on behalf of the state, in substance, shows that this defendant was living near a man by the name of J. C. Cannon; Mr. Cannon had taken from his place one sow weighing about 250 to 300 pounds, either on a Friday night or Saturday; when the sow was missed by the said J. C. Cannon, he started a search for her, finding her in a pen at Lindsay, Okla.; the defendant in this case had sold the sow to a Mr. R. D. Pratt of Lindsay.

Additional testimony was introduced by the state showing where the defendant lived, how far it was from defendant's home to the prosecuting witness Cannon's home; that the sow was taken without the knowledge or consent of J. C. Cannon, the owner; that the said defendant was paid $27.50 by the witness Pratt; that it was

after banking hours, and the defendant took the check to some business house and cashed it.

The defendant testified in his own behalf, and stated a man came to him, who gave his name as Harman, and stated he had started to market with a truck load of hogs; that he had broken some part of the truck and had sent to town for repairs, and that he did not have room for one hog, and asked the defendant to take it to town for him and sell it, and advised the defendant to meet him at a certain store. The defendant admits he sold the hog to Mr. Pratt and cashed the check; that he met Mr. Harman and gave him the money less $5 that Harman was to pay him for taking the sow to town and selling her. A number of witnesses testified for the defendant, but the defendant did not know where Harman lived, nor was he able to account for how Mr. Harman found him and hired him to haul the sow to town and sell her.

The record shows that this is not the first offense for the defendant; he had been convicted and served a term in the penitentiary.

This is, in substance, all the testimony we deem necessary to set out in this opinion.

The defendant has assigned seven errors alleged to have been committed by the trial court. The second assignment is:

"That the court erred in overruling the motion of the defendant for a continuance on the ground of the absence of one John Tidwell."

In support of his motion for a continuance, defendant introduced in evidence the subpoena for certain witnesses, among whom was the witness John Tidwell. This subpoena was issued on the 19th day of May, 1927, and

commanded the witness to appear in court on the 20th day of June, 1927; on the 28th day of May, 1927, the return of the sheriff of Garvin county was filed, showing that the witness John Tidwell lived at Byars, in McClain county. The defendant had from the 28th day of May, 1927, until the 20th day of June, 1927, to have a subpoena directed to the sheriff of McClain county, to be served on the witness John Tidwell, who lived at Byars, in McClain county. The failure of the defendant to have the subpoena issued after the return of the officer was made showing where the witness resided, did not show due diligence on behalf of the defendant; therefore there was no abuse of discretion in denying the continuance. Hall v. State, 11 Okla. Cr. 57, 142 Pac. 1044.

This court has repeatedly held that motions for continuance are addressed to the sound discretion of the trial court, and that the court would not set aside a conviction because the trial court overruled the motion for continuance, unless it affirmatively appears that the court has abused its judicial discretion in overruling the motion for continuance. Pusley v. State, 22 Okla. Cr. 192, 210 Pac. 306; Grall v. State, 26 Okla. Cr. 132, 222 Pac. 701; Graham v. State, 28 Okla. Cr. 266, 230 Pac. 763.

This court has held that a continuance should never be granted for delay, but in order that justice may be done. Ross v. State, 34 Okla. Cr. 363, 246 Pac. 645.

The defendant also contends that the evidence in this case is insufficient to sustain a conviction. With this contention we cannot agree. There is a conflict in the testimony, but the testimony on behalf of the state, if believed by the jury, is sufficient to sustain a conviction. The defendant admits the possession of the stolen hog, and his explanation as to how he came into possession of

this hog is very unsatisfactory and difficult to believe. The fact that the man from whom he claims to have received the hog to haul to market and sell for him, so far as any testimony shows, had never been seen in the country before the time defendant claims he hauled the hog to market and sold it, and had the check made payable to Harman, which check was cashed by this defendant, is a strong circumstance tending to show that the man Harman did not exist, and that this defendant, in giving this testimony he did, knew that Harman could not be found. In fact, it tends to show that no such man as Harman had anything to do with the hog.

The defendant has argued at length that the testimony in this case is insufficient to sustain a conviction, and has cited a number of authorities to sustain this contention. After a careful reading of the authorities, we hold they are not in point as applied to the facts in this case.

There are other errors assigned, but they are without merit.

In this case the information was sufficient to advise the defendant of the crime charged against him. The court properly instructed the jury as to the law. The defendant was accorded a fair and impartial trial. Finding no fundamental or prejudicial errors in the record, the judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J. concur.