## JOSEPH RYAN v. STATE.

No. A-6941. Opinion Filed Dec. 7, 1929.
Rehearing Denied Jan. 11, 1930.
(283 Pac. 890.)

Bristow & Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

6

DAVENPORT, J. The plaintiff in error, hereinafter called defendant, was by information charged with the crime of murder, was tried and convicted of manslaughter in the second degree, and was sentenced to be confined in the state penitentiary for a period of four years. From which judgment and sentence the defendant has appealed to this court.

The testimony on behalf of the state tends to show that on the 26th day of December, 1925, the defendant, while driving on the highway near Anadarko, in Caddo county, while intoxicated, struck a buggy in which Amanda Campbell was riding with such force that it threw her from the buggy and killed her. The testimony further tends to show that at the time and immediately thereafter when defendant went to a neighbor's house to get him to pull his car out of the ditch, he was intoxicated and, while in the yard of the party to whom he had gone to get him out of the ditch, fell. The defendant denies being drunk; he admits striking the buggy in which the deceased, Amanda Campbell, was riding, but says he was not drinking, and that he had not been drinking anything for the last few hours before he started home. He called two or three witnesses in his own behalf who testified to having seen him on the street before he left town, and one or two whose places he claims he was in, and they said that if he was drinking they could not tell it from his actions or his talk; neither of them testified positively that he was not drinking.

The testimony further tends to show that after the accident occurred a son of the defendant came to his car and told him to come and help him do something for his mother, and he sat in his car without answering the son or doing anything to ascertain how serious the injuries of Amanda Campbell were. The defendant says the son

of the deceased came to his car and cursed him and threatened to kill him, and he was afraid to get out of the car or try to do anything.

The only question in this case is: Was the defendant intoxicated and driving upon the public highway, and while in an intoxicated condition struck the buggy in which the deceased was riding and killed her?

Errors alleged to have been committed by the trial court are as follows:

"Said trial court erred in overruling the motion for a new trial.

"Said trial court erred in overruling the defendant's demurrer to the information herein.

"Said court erred in refusing to grant the motion for a new trial.

"The verdict is not sustained by sufficient evidence.

"Error of the court in refusing to grant a new trial on account of the bias and prejudice of the juror Boston."

For convenience we are going to consider the assignment of errors in a group as they relate to the question of the insufficiency of the evidence to sustain the conviction. From an examination of the defendant's brief we find that in his argument he discusses the question of the action of the court in overruling his motion for a continuance, on the ground that the testimony of certain witnesses, whom the defendant claimed to be residents of Caddo county, and for whom subpoenas had been issued and a return made that the witnesses could not be found in that county. A motion for continuance is addressed to the sound discretion of the trial court, and unless that discretion has been abused this court will not reverse the case upon the ground that the court overruled a motion for continuance. If the witnesses for whom the subpoena

had been issued had been present and testified to the facts the defendant alleged in his motion he could prove by them, the evidence would be cumulative, and in some instances contradictory to the evidence given by the defendant himself. This court has repeatedly held that it is not error to deny a continuance where it is shown that the evidence would be merely cumulative. Litchfield v. State, 8 Okla. Cr. 164, 126 Pac. 707, 45 L.R.A. (N.S.) 153; Hunter v. State, 23 Okla. Cr. 125, 212 P. 1014.

This court has further held that it is not error to refuse a continuance where the affidavit shows no probability of the witnesses appearing at any further date. Queen v. State, 23 Okla. Cr. 146, 212 Pac. 1021.

If these witnesses were residents of Caddo county and their attendance could not be obtained at the trial for the term of court the motion for continuance was filed, there was no reason to believe their attendance could be secured at a future trial, and the court did not err in overruling defendant's motion for continuance.

It is next contended by the defendant that the court erred in overruling his motion for a new trial on the ground that Joe Boston was an incompetent juror and that he deceived counsel at the time of his voir dire examination, and for that reason a new trial should be granted. We have examined with considerable patience and care the testimony of Joe Boston taken by defendant in support of his motion for a new trial on the ground that he had deceived the counsel in his answers to his qualifications as a juror, when being examined on his voir dire. After an examination of the record, we are thoroughly convinced there is no merit in this assignment. There is nothing in the record to show that the juror, Joe Boston, was disqualified, and the contention of the de-

fendant in this case that his motion should be sustained on the ground of the disqualification of Joe Brown is without merit.

The next assignment urged by the defendant is that the evidence is insufficient to show that the defendant was intoxicated. The question of the intoxication of the defendant was a question for the jury. The testimony upon behalf of the state tends to show the defendant was intoxicated at the time the deceased was killed. The testimony of the defendant tends to show that he was not intoxicated. This question is a question for the jury under all the testimony submitted to it. There is no complaint made to the instructions of the court, and we hold they correctly stated the law as applied to the facts in this case. The jury are the sole and exclusive judges of the weight of the evidence and the credibility of the witnesses, and where there is any competent testimony, though contradictory, to sustain the verdict, this court will not reverse the case on the ground of insufficient evidence.

Finding no fundamental or prejudicial errors in the record, the judgment of the lower court is affirmed.

EDWARDS, P. J., concurring.

CHAPPELL, J., absent, not participating.