## GEORGE CHILDS v. STATE.

No. A-7197. Opinion Filed March 29, 1930.
Rehearing Denied April 12, 1930.
(286 Pac. 349.)

Carswell & Wheeler, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Caddo county on a charge of having possession of four pints of whisky, and his punishment fixed at a fine of $100 and confinement in the county jail for sixty days.

The evidence of the state is that the sheriff and one of his deputies with a search warrant searched the room of defendant and found a pint of whisky on the dresser and three pints of whisky under the floor. A board had been sawed in such a manner that a short piece of floor could be lifted out, and three pints of whisky were concealed in this hole and a rug on the floor spread over the opening. The defendant was not in the room when the search was made. The sheriff met him on the street a few minutes after the search and placed him under arrest. The defendant wanted to go back to his room, and the sheriff went with him, and, while defendant was under arrest in the room, the sheriff took a half pint of whisky off of him. The defendant did not take the stand, and offered no evidence.

The defendant first contends that the court erred in overruling his application for a continuance on account of an absent witness. The information was filed on the 8th day of February, 1928. Thereafter the case was set for trial on the 16th day of August, 1928, at which time defendant filed his affidavit for a continuance on account of the absence of the witness Kenneth Childs. Defendant was called as a witness to testify in his own behalf on his hearing for a continuance and testified that the absent witness was his adopted boy. Defendant testified that Bill Vikers told him that the absent witness would testify that he placed the liquor in the room, and that defendant knew nothing about it. Vikers was subpoenaed as a witness but not used by the defendant. The court continued the case from August 16th to the 20th day of August, at which time the defendant was placed on trial without the purported evidence of the absent witness. According to the defendant's own evidence, he had no knowledge that the absent witness would testify to the facts alleged, and had

no knowledge of whether such facts were true. From an examination of the whole record, the court is of the opinion that the trial court did not abuse its discretion in overruling the application for a continuance. Worley v. State, 42 Okla. Cr. 243, 275 Pac. 398; Husband v. State, 45 Okla. Cr. 406, 283 Pac. 584; Ryan v. State, 46 Okla. Cr. 5, 283 Pac. 809.

The defendant next complains that the court erred in admitting incompetent evidence. The state was permitted to show by the sheriff that one-half pint of whisky was taken off the defendant after his arrest. The defendant being found in possession of more than one quart of liquor, the evidence was sufficient to support the verdict of the jury, and the admission in evidence of the one-half pint of liquor taken from the defendant could not have prejudiced his case, since under all the facts and circumstances in the case no honest jury could have returned any other verdict except guilty.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.