## LEW TEETERS v. STATE.

No. A-7535.   Opinion Filed Oct. 25, 1930.
(292 Pac. 879.)

Jas. A. Embry, for plantiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of the crime of larceny of domestic fowls in the nighttime, and his punishment fixed by the court at imprisonment in the state penitentiary for six months.

It appears from the record that the information was filed by Roscoe Cox during his term as county attorney of Lincoln county, but the case was not brought to trial until after his term as county attorney had expired and John Embry had been duly elected and qualified as county attorney.   Mr. Embry had previously represented the defendant and was consequently disqualified to prosecute the case as county attorney.

It further appears from the record that on the 23d day of January, 1929, and pursuant to assignment theretofore duly made, the cause came on for trial before Hon. W. G. Long, who had been duly and regularly assigned to preside as trial judge; plaintiff present by its attorney Roscoe Cox, as special counsel, defendant present in person and by his attorney, Jas. A. Embry, both sides having announced ready for trial, a jury is called, interrogated, and sworn to try the issues of fact in said cause, and thereupon the following proceedings were had, to wit:

"Mr. Embry: Comes the defendant and objects to the special counsel proceeding in the prosecution of this case for the reason that he has never been since his appointment, qualified in the matter as required by law, authorizing him to conduct a prosecution on behalf of the State, and of this particular case.

"The Court:   Overruled and exception."

Defendant contends that the court erred in overruling his objection to the appearance of the special prosecutor. Defendant made no showing to support his allegations in his motion that the special prosecutor had not qualified, contenting himself merely with objecting to the appearance of Roscoe Cox, former county attorney, as special prosecutor.

This court has uniformly held that all presumptions are that the proceedings in a criminal case are regular and in conformity to law, and, when an accused challenges the proceedings, he must show affirmatively the irregularity of which he complains. Bennett v. State, 21 Okla. Cr. 27, 204 Pac. 462; Wheeler v. State, 25 Okla. Cr. 365, 220 Pac. 962; Wallace v. State, 29 Okla. Cr. 197, 233 Pac. 241; Cooper v. State, 31 Okla. Cr. 217, 238 Pac. 503; Ross v. State, 34 Okla. Cr. 363, 246 Pac. 645; Ables v. State, 35 Okla. Cr. 26, 247 Pac. 423.

It will be presumed that everything done in a court of record is regular until the contrary is made to appear, and the burden is on the party complaining of the action of the trial court to show how he was injured thereby. Coleman v. State, 6 Okla. Cr. 252, 118 Pac. 594; Thornsberry v. State, 8 Okla. Cr. 88, 126 Pac. 590; Hess v. State, 9 Okla. Cr. 516, 132 Pac. 505.

In the case at bar the record fails to show whether the special prosecutor had qualified or not, but the presumption of law is that he had. The burden being upon the defendant to show affirmatively by the record a failure to do so, the objection presents no question to be passed on by this court.

The defendant next contends that the evidence is insufficient to support the verdict of the jury. There is a sharp conflict in the evidence, but this conflict was for

16

the jury. The principal evidence against the defendant was furnished by Mrs. Holmes and Mrs. Blaylock, who are sisters of the defendant and who were witnesses for the state. The defendant contends that their evidence was inadmissible for the reason that their husbands were accomplices of the defendant in the larceny of the chickens. The evidence of these women would have been inadmissible in a trial of their husbands, but in the case at bar, where no claim was made that they were parties to the larceny and where their husbands were not charged nor on trial, their evidence was clearly admissible against the defendant.

There being sufficient competent evidence in the record to support the verdict of the jury, and the errors of law complained of by the defendant being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.