# J. EVERETT HENDERSON v. STATE.

No. A.-8790.   Sept. 6, 1935.
Rehearing Denied Sept. 27, 1935.
(49 Pac. [2d] 811.)

Jno. C. Powell, Person E. Woodall, and H. W. Broadbent, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (Paul W. Updegraff, of counsel), for the State.

EDWARDS, J.   Plaintiff in error, hereinafter called defendant, on a charge of murder, was convicted of manslaughter in the second degree and was sentenced to serve two years in the state penitentiary.

On the date charged, defendant, driving a truck with trailer attached, both loaded, struck a car driven by one James L. Reeves, causing the car to overturn, thereby killing Reeves.

Defendant contends the evidence does not support the verdict.   David Clapp testified on behalf of the state that he rode with defendant from Sulphur to Noble; that before they left Sulphur he smelled whisky on defendant's breath; that defendant picked up one Nell Hudson, who accompanied them on the trip; that during the trip defendant made several stops, and twice he and Nell Hud-

son disappeared from his view, and when they came back the smell of whisky was stronger; that defendant drove in a reckless manner, passing cars and cutting in too quickly after passing; that when they passed deceased's car witness said, "You liked to got that car." Nell Hudson said, "You went too close to that car." That they stopped at Noble to get water and discovered a car door was dragging from bed springs carried on the side of the trailer, and when so informed defendant said, "Let's be going," and started to leave. Other people came up about that time and detained him until the sheriff arrived. Some people who followed defendant for several miles, and who saw the collision, testified his car was wobbling so they were afraid to pass; that deceased drove his car half off the pavement to escape being hit. Other witnesses testified to the reckless manner in which defendant was driving.

Defendant introduced testimony as to reputation which was refuted, testimony to the effect that he had not been drinking and was driving carefully, and that a rope binding the furniture on the trailer caught the door of deceased's car without fault of defendant; also, that the undersheriff tested the truck and could get a speed of only 37 miles per hour.

This court has repeatedly held that where there is competent evidence which reasonably sustains the verdict, a conviction will not be reversed, although the evidence may be conflicting. Ryan v. State, 46 Okla. Cr. 5, 283 Pac. 809; Nail v. State, 33 Okla. Cr. 100, 242 Pac. 270.

In this case the evidence is ample.

Other errors are assigned, but none are of sufficient importance to require discussion. We find no material error.

The case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.