## DON BAKER v. STATE.

No. A-9476.   Oct. 14, 1938.
(83 P. 2d 586.)

138

Walter Hubbell, of Walters, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction for manslaughter in the first degree, and sentence of imprisonment in the penitentiary for a term of 45 years.

Plaintiff in error sought an acquittal of the charge against him on the ground that he had no connection with the felonious assault resulting in the death of the decedent.

The first assignment is that: "The court erred in overruling the defendant's motion for a continuance."

When the case was called for trial the defendant moved for a continuance, because of the absence of Claud Herron, deputy sheriff.

"That said witness if present would testify that he arrested the defendant at a filling station about 16 miles east of Walters, near a point where the defendant had a collision with and killed a mule with his car, and that at the time of his arrest the defendant was trying to call the sheriff of Cotton county to report said wreck."

In the motion it is also stated that Dr. Kent G. Latham of Oklahoma City had been subpoenaed and was absent, who if present would testify that he helped perform an autopsy on the deceased, Lawrence Rich; that it was impossible to ascertain from said autopsy what caused the death of said deceased, but that in his opinion his death was not caused by the blow received by said deceased on the head, as described by Dr. Baker.

In reviewing the refusal of a continuance on account of absent witnesses, the record will be examined, and the evidence adduced on the trial will be considered by this court for the purpose of determining whether the showing made was such as made it the duty of the court to grant a continuance.

A continuance should be granted only that justice may be done, and not merely for purposes of delay. Ross v. State, 34 Okla. Cr. 363, 246 P. 645.

As a general rule, a continuance will not be granted for the purpose of procuring testimony that is merely cumulative. Petty v. State, 11 Okla. Cr. 438, 147 P. 782.

It has been uniformly held by this court that an application for continuance in a criminal case is addressed to the sound discretion of the trial court, and, unless it clearly appears that there has been an abuse of such discretion, this court will not reverse the judgment for a refusal to grant a continuance.

Upon the record before us, we are of the opinion that it was not error for the court to overrule the motion for a continuance.

Error is assigned on overruling the defendant's challenge for cause of a juror, and refusing to restore to the defendant an additional peremptory challenge after exhausting all his peremptory challenges by reason of having to challenge said juror.

The record shows that on October 11, 1937, a jury was drawn.

Only the ruling of the court is set forth in the record. It does not contain the voir dire examination of said juror. However, it appears the court allowed the defendant one additional challenge. On the record before us we cannot hold that the court erred.

The third assignment is:

"That the court erred in ordering and directing the special venire of jurors to be summoned by Homer Jones, deputy sheriff, after the regular panel had been exhausted, for the reason the sheriff of Cotton county was a material witness against the defendant."

None of the proceedings had upon the trial of this challenge are set forth in the record. The record merely shows the following recital of proceedings had October 12th:

"The bailiff was sworn to take charge of the jury. The defendant requests that the special venire be drawn from the regular jury panel. Which request is by the court overruled. Exceptions taken.

"Deputy sheriff Jones was ordered by the court to pick up six talesmen. Defendant now objects to deputy sheriff Homer Jones selecting six additional talesmen as jurors in this case, for the reason that the sheriff of this county is a material witness against the defendant, and is biased and prejudiced against him.

"By the Court: Overruled. Exceptions taken.

"Thereupon both sides announce ready for trial."

Counsel for plaintiff in error in his brief states:

"This question has been passed upon many times by this court, and it has continuously held: 'It is essential to a fair administration of justice that an open or special venire should be summoned by an officer who is not disqualified by reason of interest, bias or prejudice.'" Citing Koontz v. State, 10 Okla. Cr. 553, 139 P. 842, Ann. Cas. 1916A, 689; Liddell v. State, 18 Okla. Cr. 87, 193 P. 52, 16 A.L.R. 405. Lyde v. State, 21 Okla. Cr. 426, 209 P. 226; Welch v. State, 36 Okla. Cr. 298, 254 P. 503; Hammock v. State, 52 Okla. Cr. 429, 6 P. 2d 16.

When a defendant seeks a reversal in this court on account of error of the trial court, the record must show the proceedings upon which the alleged error is based. Ables v. State, 35 Okla. Cr. 26, 247 P. 423.

In the case at bar the alleged error complained of is not properly presented by the record. While there is a recital that: "Deputy sheriff Jones was ordered by the court to pick up six talesmen," it does not appear that any talesman was sworn as a juror or served upon the jury.

In the case of Dumas v. State, 19 Okla. Cr. 413, 417, 201 P. 820, it is said [page 823]:

"It has been repeatedly held by this court: 'On appeal the burden is upon the appellant to establish both error and prejudice resulting therefrom.' Cardwell v. State [20 Okla. Cr. 177, 201 P. 817].

"As plaintiff in error has not brought before this court the record of the hearing had upon the challenge to the special venire of talesmen, and, further, it not appearing

that the sheriff was a material witness against defendant, it cannot be said that the trial court, in the absence of such a showing and proof, committed error prejudicial to the substantial rights of defendant in overruling the challenge to the special venire."

It is not the policy of the law to permit courts to reverse a conviction for crime upon mere technicalities alone, but to limit them to reversals for errors which are prejudicial to some substantial right of the accused.

The Legislature has specifically provided in section 3206, Procedure Criminal, St. 1931, 22 Okla. St. Ann. § 1068, that no judgment of conviction shall be reversed in any matter of pleading, or procedure, unless, in the opinion of the court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

One of the grounds for a new trial and assigned as error, and now urged for reversal of the judgment, is that the evidence was insufficient to establish his guilt, and this insistency called for the extended statement of the testimony in the case.

It is urged that the evidence was insufficient to show that the injury inflicted on the decedent caused his death.

The rule that one who unlawfully inflicts an injury upon another and thereby accelerates the death of such other is criminally responsible therefor, although death would not have resulted from the injury but for the diseased condition of the person so injured, is one of general application.

The rule upon this subject as stated in Ruling Case Law is:

"One who inflicts an injury on another is deemed by the law to be guilty of homicide if the injury contributes mediately or immediately to the death of such other. The

fact that other causes contributed to the death does not relieve the actor of responsibility. So the physical condition of the slain man at the time when the act was done, will not excuse or minimize its consequences, if the causal connection between it and the fact of death is made to appear. On the other hand, if an injury is merely a condition which does not contribute to produce death, the law does not hold the actor criminally responsible." 13 R.C.L. par. 53, p. 748.

"The law declares that one who inflicts an injury on another and thereby accelerates his death shall be held criminally responsible therefor, although death would not have resulted from the injury but for the diseased or wounded condition of the person so injured." 13 R.C.L. par. 55, p. 750.

The rule is thus stated by Bishop in his work on Criminal Law, vol. 2, sec. 638, subsec. 3:

"Though the person would have died from some other cause already operating, it is enough that the wound hastened the termination of life; as, for example, if he had already been mortally wounded by another. And if the one attacked was enfeebled by disease, and what was done would not have been mortal to a well person, still, whether the assaulting person knew his condition or not, if he did what was mortal to the other, the offense is committed."

Carefully considering the testimony in the case, we find that the evidence on the part of the state, both direct and circumstantial, if believed by the jury, was sufficient to sustain the conviction.

Upon an examination of the instructions given by the court to which no exception was taken, we find they fully and fairly presented all matters of law to the jury which were pertinent to the case.

Upon consideration of the whole case we are satisfied that the substantial rights of the defendant have not been prejudiced by reason of any error of law appearing in the record.

Another ground of the motion for a new trial is that the punishment assessed by the jury is excessive, and was the result of passion and prejudice.

In the defendant's motion for a new trial, it is averred that codefendant, Mike Malone, was placed upon trial during the interim between the return of the verdict in this case and the judgment rendered thereon, was convicted of manslaughter in the first degree, and was sentenced to serve a term of five years in the state penitentiary.

Our conclusion is that the punishment assessed by the jury is excessive, and that justice requires a modification of the judgment and sentence of 45 years to a term of 25 years' imprisonment in the state penitentiary. The judgment of the district court of Cotton county herein is so modified. As thus modified, the judgment is affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.