## W. L. TROTTER v. STATE.

No. A-10180.   Sept. 29, 1943.

(141 P. 2d 812.)

W. R. Farmer, of Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, W. L. Trotter, was charged in the county court of Garvin county with the unlawful possession of intoxicating liquor, was tried, convicted, and pursuant to the verdict of the jury was sentenced to serve 90 days in the county jail and pay a fine of $200.

For a reversal of this case the defendant presents the following assignments of error:

(1) Misconduct of the county attorney in making prejudicial remarks to the jury.

(2) Error of the court in admitting in evidence state's "Exhibit B" which purportedly showed the payment of the special tax required of liquor dealers by the federal government.

(3) Error of the court in the giving of instruction No. 8, which will be hereinafter set forth.

In connection with the first assignment of error, counsel argues in his brief that the county attorney made prejudicial remarks in his opening statement to the jury, and further made improper statements in his closing argument. The brief of defendant sets out what purportedly were the statements made by the county attorney. Counsel for defendant, however, admits in his brief that the remarks allegedly made by the county attorney were not taken by the court reporter and were not contained in the case-made.

It is well settled by many decisions of this court that when a defendant seeks a reversal of a judgment of conviction on account of error in the proceedings of the trial court the record must show the proceedings upon which the alleged error is based. Ables v. State, 35 Okla. Cr. 26, 247 P. 423; Baker v. State, 65 Okla. Cr. 136, 83 P. 2d 586; Cupp v. State, 76 Okla. Cr. 342, 136 P. 2d 700.

In the absence of any record sustaining this assignment of error, the same may not be considered by this court.

In connection with the second assignment of error, it is provided by statute in Oklahoma as follows:

"The payment of the special tax required of liquor dealers by the United States by any person within this State, except local agents appointed as hereinbefore provided, shall constitute prima facie evidence of an intention to violate the provisions of this Chapter." 37 O.S. 1941 § 81.

Pursuant to this statute this court has sustained the admission in evidence of a federal license stamp found in the possession of the party charged with the violation of the intoxicating liquor law, made out to him and covering the period of time during which it is alleged that he violated the intoxicating liquor law. Greenwood v. State, 9 Okla.

Cr. 342, 131 P. 940; Cahn v. State, 10 Okla. Cr. 200, 135 P. 1155; Walker v. State, 11 Okla. Cr. 339, 127 P. 895.

The record here discloses that a search of defendant's premises was made by county officers of Garvin county and about 12 pints of intoxicating liquor seized by the officers. Only two witnesses testified for the state and neither of them testified concerning the finding of a federal liquor license at defendant's premises. At the close of the testimony of the first witness the record discloses that the county attorney made the following offer: "We offer in evidence as State's 'Exhibit B' Federal Liquor License." The defendant objected to the admission of such evidence and the objection was overruled and the said exhibit admitted in evidence. It reads as follows:

"Trotter, W. L.                         RLD
"Gen. Del.                             28656
"Pauls Valley, Okla.                   July 40
"Trans: 426 N. Pecan, Pauls Valley, Okla.
"Trans: 503 S. Willow, Pauls Valley, Okla.

There is nothing on the face of this instrument to show that it is a receipt for payment of the special United States liquor tax and without some evidence identifying the exhibit and showing where it was found the objection of the defendant to its admissibility should have been sustained. Furthermore, there is nothing on the face of the exhibit to show that it was in force and effect at the time of the seizure by the officers of the intoxicating liquor in question.

At the close of the evidence the court gave instruction No. 8, which reads as follows:

"You are instructed that the defendant, W. L. Trotter, is the holder of a Federal Retail Liquor Dealer's License covering the date charged in this information, and the

holding of such license shall be deemed prima facie evidence of an intention to violate the prohibition laws, unless rebutted, or the contrary proved. Yet the holding of such license does not make it obligatory upon you to convict, but it is competent and sufficient to justify you finding the defendant guilty, provided you are satisfied from all the other evidence that the defendant is guilty beyond a reasonable doubt.

"Given and excepted to by the Defendant and exception allowed this 2nd day of Sept. 1941.

"(Seal)

"R. B. Garvin, County Judge."

The defendant did not testify in this case. He did not admit that he was the holder of a federal retail liquor dealer's license and the exhibit hereinabove discussed does not so show. The vice of this instruction is in the fact that it assumes that the defendant is a holder of a federal retail liquor dealer's license covering the date charged in the information. Even if a purported license had been found in defendant's possession it would have been a question of fact for the jury as to whether the defendant was the owner of a federal retail liquor dealer's license. When the court instructed the jury that defendant was the holder of such license he was invading the province of the jury. Where the defendant denies that he is the holder of such a license and the court determines the instrument is admissible in evidence, it would be proper for him to submit the issue to the jury as to whether they should find that defendant was the holder of the retail liquor dealer's license covering the date charged in the information, and further instructing them that if they should so find that defendant was the holder of such federal retail liquor dealer's license that the same shall be deemed prima facie evidence of an intent to violate the prohibitory liquor

laws pursuant to the wording of the statute hereinabove quoted.

Lastly, it is contended by the defendant that the punishment assessed is excessive. We shall consider this assignment in connection with what has been heretofore stated with reference to the admissibility of state's "Exhibit B" and the giving of instruction No. 8. In connection with this assignment of error we quote the following from defendant's brief:

"In the case at Bar we are not seeking to free a man charged with a crime nor trying to intimate to this court that he is not guilty. The facts themselves show that the defendant might have had some liquor on his premises at the time of the search and seizure by the officers * * *."

22 O. S. 1941 § 1068 provides:

"No judgment shall be set aside or new trial granted by any appellate court of this State in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

It is our conclusion, pursuant to this statute, that the admission of state's "Exhibit B" in evidence, and the assumption by the court in his instructions to the jury that said state's "Exhibit B" shows that defendant was the holder of a federal retail liquor dealer's license, was error, but not such an error as would require a reversal of the case in view of the fact that there is no dispute as to defendant's guilt of the crime charged. No contention is made that the search and seizure was unlawful.

It is contended that the county attorney laid great stress on the fact that defendant was the holder of the federal license in his closing argument to the jury. As heretofore stated, the record does not support this statement. However, we can readily perceive that the admission of this evidence, although not sufficient to justify a reversal of the case, might have been deemed of sufficient importance by the jury as to cause them to give the defendant more punishment than they would have given had such evidence been rejected.

We conclude, after a consideration of the whole record, that justice requires a modification of the punishment assessed to thirty days in the county jail and a fine of $200.

It is therefore ordered that the judgment of the county court of Garvin county be modified by reducing the sentence from 90 days in the county jail and a fine of $200 to 30 days in the county jail and a fine of $200, and the judgment and sentence, as thus modified, is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.