## JOHNNY MERCER v. STATE.

No. A-10888.   July 14, 1948.

(196 P. 2d 520.)

Wade Arends, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant, Johnny Mercer, was charged by information filed in the district court of Oklahoma county with the crime of assault with intent to kill, was tried, convicted and sentenced to serve five years in the State Penitentiary, and has appealed.

The chief contention of the defendant is that the sentence of five years is excessive, unreasonable, unfair and not supported by the evidence.

The evidence of the state showed that one Bill Henderson, a cement contractor, living in Oklahoma City, went with his wife to the Midnight Sun, which was a night club located on the outskirts of Oklahoma City, to dance. While there, Henderson went up to the cold drink stand to purchase a bottle of Seven Up. The defendant and his codefendant, Jack Hathcox, were standing at the bar and an argument ensued between them. The defendant walked outside the building and asked Henderson to accompany him, but Henderson refused and started walking away from the defendant. The defendant then seized a chair and struck Henderson a blow, knocking him unconscious to the floor. After knocking him to the floor he continued to beat on him with the chair. As a result of the beating, according to the testimony of Doctor R. D. Farris, the attending physician, Henderson lost approximately fourteen teeth, sustained a fracture of the skull extending down into the ear, his jaw was fractured in three places, and he sustained severe cuts and lacerations. He lost the vision completely in his right eye, and the Doctor testified that for ten days after the man was brought to his hospital he was in such precarious condition that he thought he was going to die.

Many witnesses testified for the state who were present at the night club and saw the attack by the defendant and with the exception of the codefendant, his sister and another friend who had accompanied the defendant to the night club, they were unanimous in their

testimony that the attack was unprovoked by Henderson.

The witnesses for the defendant testified to the effect that Henderson opened a knife and threatened to strike defendant with it, and that defendant struck him with a chair to knock the knife out of his hand; that the codefendant, Hathcox, struck the first blow and not the defendant. The defendant did not testify.

The punishment assessed the defendant was fixed by the jury. They saw the demeanor of the witnesses on the stand, heard the testimony of the Doctor and saw the condition of the prosecuting witness. The physical injuries of the witness Henderson were such that the jury would have been entirely justified in meting out the maximum punishment of ten years' imprisonment in the penitentiary. The medical testimony was to the effect that the prosecuting witness was extremely fortunate to have survived the brutal attack which was made.

This court does not exercise its power to modify a sentence unless it is clearly apparent from the record that the sentence is manifestly excessive or that the punishment assessed was in part the result of passion and prejudice and that justice requires a modification. Baker v. State, 65 Okla. Cr. 136, 83 P. 2d 586; Methvin v. State, 60 Okla. Cr. 1, 60 P. 2d 1062.

The facts disclosed by the record do not present a situation where this court can conscientiously say that justice requires a modification of the judgment. The defendant even under the testimony of his own witnesses continued to strike Henderson unmercifully with the chair after Henderson had fallen and was lying unconscious and helpless on the floor.

The judgment and sentence of the district court of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.