**Obed Gilbert SHELTON, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A–12062.**

Criminal Court of Appeals of Oklahoma.

Dec. 1, 1954.

Wilson & Wilson, Frederick, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Obed Gilbert Shelton, defendant below, was charged by information in the county court of Tillman county, Oklahoma, with the offense of operating a motor. vehicle while under the influence of intoxicating liquor upon public highway No. 183, about 2 miles north of the town of Manitou in said county and state, Title 47, § 93, O.S.1951. The offense was allegedly committed on July 25, 1952. He was tried by a jury, convicted, and his punishment fixed at $150 fine; judgment and sentence was entered accordingly from which this appeal has been perfected.

The evidence of the state showed that on the day in question at about 4:40 p. m., Highway Patrolman Heidebrecht and radio dispatcher Watson of the Altus Police Department were driving in the patrol car north on Highway 183. As the aforesaid patrolman and the dispatcher approached Manitou they observed the defendant's pickup truck pull onto the highway and head north. The patrolman and dispatcher continued. north and followed the defendant. State's witnesses observed the defendant's automobile was pulling over the center to the left of the highway and back again; they immediately proceeded to overtake him, approximately 1½ miles north of Manitou. The officers testified they stopped defendant and observed his breath had a definite odor of alcohol, his inability to stand up, his "staggery" gait that the defendant was

drunk. The officers also saw him put his arm around a woman companion, while he was weaving across the road from side to side. The defendant admitted to the officers he had drunk 3 bottles of beer. After his arrest they brought the woman companion, who was not intoxicated, back to Manitou and took the defendant to jail at Frederick.

The defendant did not testify in his own behalf but offered Mr. Jim Fox, who testified that he happened to see the defendant in a restaurant on the day in question around 4:00 or 5:00 p. m. in Manitou. He admitted he was only guessing at the time he saw defendant. He said he talked to the defendant across the table and he saw nothing that indicated he was drinking or drunk, he made no disturbance. On cross examination he admitted he wasn't close enough to him to smell his breath. He did not see him with a woman; but he did see him give the proprietor a check.

 Mr. M. B. Day who operated a restaurant testified for the defendant, that the defendant was in the restaurant and gave him a check on July 25, 1952. That he saw him do nothing at all, that indicated the defendant was under the influence of intoxicating liquor. He took, and which was offered in evidence, a check given him by the defendant on July 25, 1952 in the sum of $2.15. It does not appear the woman companion was in the restaurant with the defendant. We therefore conclude he picked her up at some other place after he left the restaurant. The foregoing evidence created an issue of fact for the jury. It has been repeatedly held:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Criminal Court of Appeals will not interfere with verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts." Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479.

 The defendant raises two propositions; first, he complains that the trial court erred in refusing a continuance on the grounds of the absence of a material witness. The motion therefor shows that the evidence of said witness would have been substantially the same as that of the two witnesses Day and Fox. Hence it would have been cumulative. It is not error to refuse to grant a continuance on the ground of the absence of a witness, where the affidavit of the defendant shows that what the absent witness will testify to is merely cumulative. Baker v. State, 65 Okl.Cr. 136, 83 P.2d 586. Under these conditions there does not appear a manifest abuse of discretion in denying the continuance, Gorum v. State, 67 Okl.Cr. 75, 92 P.2d 1086; particularly where it appears from the facts alleged in the affidavit there was ample time to have obtained the missing witness' deposition. Gorum v. State, supra. No abuse of discretion appears to have been committed by the trial court in overruling the motion for continuance and in the absence of such abuse the judgment will not be reversed. Walker v. State, 94 Okl.Cr. 323, 235 P.2d 722. On the point of the defendant's intoxication it appears that the lady companion was not called by the defendant to establish his sobriety on the occasion in question. She surely would have been the best witness the defendant could have called to testify in relation to whether defendant was drinking, drunk or sober. The jury no doubt were impressed with the fact she was not called.

 The next contention of the defendant is that the state failed to prove venue. Venue may be established by circumstantial evidence. Kilpatrick v. State, 90 Okl.Cr. 276, 213 P.2d 584; Payne v. State, Okl.Cr., 276 P.2d 784. The court may take judicial notice of the boundaries of the state, as well as the boundaries of counties of the state, and also the geographical locations of the cities and towns within the state. Thompson v. State, 89 Okl.Cr. 383, 208 P.2d 584. The trial court did not err in taking judicial notice of the fact that if this offense occurred only 1½ miles north of Manitou, Oklahoma, it occurred well within the boundaries of Tillman county. Payne v. State, supra. For all the foregoing reasons the judgment and sentence is affirmed.

POWELL, P. J., and JONES, J., concur.